## ASHLEY CHURCH *v.* H. K. FURNISS.

A summons (with *warrant* of attachment) was issued *returnable* Nov. 1st, but was not *returned* until Nov. 26th, the day before the *warrant* was returnable, and then it was returned "Not to be found, &c."; on Nov. 27th, the plaintiff was allowed to continue the case, because, by accident, due advertisement had not been made : *Held,* that, under the circumstances, the *advertisement* was *the substantial process,* and that a failure duly to return the summons, was no *discontinuance.*

A motion, and not a demurrer, is the proper method of taking advantage of a discontinuance.

CIVIL ACTION, tried before *Jones, J.,* at Spring Term 1870 of WASHINGTON Court.

The action had been commenced by a summons returnable (Nov. 1, 1869,) before a Magistrate. Incident to this, was a warrant of attachment, upon an allegation that the defendant had left the State, &c. The warrant was returnable Nov. 27th. The summons was returned, ("Not to be found," &c.,) upon the 26th of November. Upon the next day, the plaintiff, upon a suggestion that the advertisement which had been ordered, had, by accident, not been duly made, obtained a continuance of the case for four weeks. On the 25th day of December, the Magistrate dismissed the action, because the summons had not been *duly* returned.

After appeal to the Superior Court, upon motion made for the defendant, his Honor adjudged that a failure to return as above was no discontinuance, and the defendant appealed.

*Smith,* for the appellant.
*Collins & Armistead, contra.*

1. Discontinuance is cured by *appearance* : Tidd. 924, Comyn, Dig. Courts, (P 11 Continuance,) &c.

2. The notice is by the *publication,* and the summons need not be *returned.* The law cannot mean that the return of the *summons* shall render void that of the *warrant.*

RODMAN, J. It is said, that, as the summons in this case was not returned on its return day, (1st Nov.,) nor until some twenty-five days thereafter, the action was discontinued. The doctrine of discontinuance is founded on this principle : If a defendant be summoned to appear on a certain day, and the plaintiff fails to appear on that day, to prosecute his suit, and no future day is fixed by the Court for the appearance of the defendant, he is left without knowledge on that point, and as he cannot be expected to appear every day for an indefinite time, he is held to be discharged

from appearing again, without a fresh summons. The action is discontinued. But this supposes that the defendant has once had a day for his attendance. In this case, the summons was never served personally on the defendant. It was necessary that it should issue, to lay a foundation for the attachment, and to ascertain with certainty, whether the defendant could be found in the county, and if he could be, to give the benefit of a personal service. But the substantial process was the advertisement. and, as this could not have been made by the 1st of November, and, by accident, failed to be made by the 26th November, we think the Justice had the power, and might not inequitably extend the time. This he did. The case does not state with the proper distinctness, that the advertisement was duly made, or on what day the defendant was required by it to attend, but we may assume for the present purpose, that the plaintiff moved for judgment on the day named in the advertisement for the appearance of the defendant, and we think, on default of the defendant to appear and plead, he would have been entitled to it.

The above views are independent of the question, whether a demurrer is the proper way to take advantage of a discontinuance. We think it is not. The effect of a demurrer is so familiar that it need not be stated; none of its effects reach such a case as this. The proper way would be, to move for a declaration by the Court, that the action was discontinued, the result of which would be that the plaintiff would pay his own costs.

We think there is no error in the judgment below. The case will be remanded, in order that the Superior Court may proceed therein according to its course.

Per Curiam. Judgment affirmed.