BOYLSTON INS., COMPANY of Boston, and others *v.* JNO. D. DAVIS.

The value of property taken under process, should be assessed at the time of trial, as the taker should have the option of returning the property so taken, or of paying its assessed value. If the price of the property taken has fallen in the time, the jury should include the difference in their assessment of damages for the detention.

(*Holmes* v. *Godwin*, 69 N. C. Rep. 467, cited and approved.)

CIVIL ACTION, tried before *Clarke, J.*, at Spring Term, 1873, of CARTERET Superior Court.

This was an inquiry to ascertain the damages sustained by the defendant, because of the plaintiffs' taking from his possession a quantity of iron, directed to be had in the decision of this Court in a suit between the same parties, and heard at January Teom, 1883, 68 N. C. Rep. 17.

The iron, when taken from the defendant, was on Core Banks, in said county. The defendant offered to prove the value of the iron in the city of Newberne. This evidence was objected to by the plaintiffs, but admitted by the Court. Plaintiffs excepted. The defendant offered evidence of the highest price of iron at any time between the taking and the pending trial. This was objected to by the plaintiffs, but admitted by the Court, to enable the jury, by comparison of prices at different times and places, to estimate the value of the iron at the place and time of caption.

Judgment against the plaintiffs and sureties on their undertaking; from which judgment plaintiffs appealed.

*Greene,* for appellants.

*Haughton* and *Hubbard,* contra.

RODMAN, J.   This case is governed by *Holmes* v. *Godwin,* 69 N. C. Rep. 467.   The plaintiff obtained possession of the iron under his process, and it does not appear that up to the trial it had been converted or destroyed, or even removed from Core Beach.   The plaintiff was entitled therefore to have the value assessed at the time of the trial, in order that he might exercise his option of returning it, or paying its value.   If the price had fallen in the interval, no reason occurs to us why the jury would not include the difference in the damages for the detention ; because the plaintiffs by wrongfully taking the possession, has prevented the defendant from selling, what turns out to be his own property.   So, if the iron had become deteriorated by long exposure to salt water.   As for the reason of this error on the part of the Judge, there must be a new trial, it is unnecessary to consider any other question.   But as the same questions may be presented on another trial, and we think they are free from difficulty, it may be well enough to say, that the value of the iron at Core Beach, (supposing it to have continued there until the trial,) is properly ascertained from its price at or near the time, in any Atlantic city where there is a market for such articles, less the costs of getting it there.   But we do not perceive what relation the price at a widely different time, can have.

If it had appeared, that the iron had been converted by the plaintiff, and its removal out of the State might be evidence of a conversion, the measure of damages for the detention, would be the interest on that value.   The duties paid by the plaintiff were properly recouped.

There must be a *venire de novo.*

PER CURIAM.   Judgment reversed, and *venire de novo.*