### N. G. PENNIMAN v. JOHN H. DANIEL.

*Amendment—Attachment—Discontinuance—Service of Process—Duty of the Clerk.*

1. The Code gives to the Superior Courts the most ample power to allow amendments, and where an affidavit upon which a warrant of attachment was issued was defective, it may be amended.

2. A discontinuance results from the voluntary act of the plaintiff in not regularly issuing the successive connecting processes necessary.

3. Where a summons *which is to be personally served,* is ordered to be issued by the Court, it is not the duty of the Clerk to issue it until it is demanded by the plaintiff; but when *service is ordered to be made by publication,* after the expenses are paid by the plaintiff, it is the duty of the Clerk to obey the order, and make the publication.

4. So, where an order of publication was made, but by an oversight in the Clerk it was not done, and the defendant moved to dismiss the action on the ground that there was a discontinuance; *It was held,* that the Judge had the power to allow the publication to be made, returnable to a future term of the Court.

·(*Brown* v. *Hawkins,* 65 N. C., 645; *Austin* v. *Clark,* 70 N. C., 485; *Price* v. *Cox,* 83 N. C., 261; *Bank* v. *Blossom,* 92 N. C., 695; *Church* v. *Furness,* 64 N. C., 659; *Penniman* v. *Daniel,* 91 N. C., 431; *Etheridge* v. *Woodley,* 83 N. C., 11; *State* v. *Wood,* 3 Ired., 23, cited and approved).

MOTION to dismiss an action, heard by *Shipp, Judge,* at Fall Term, 1885, of the Superior Court of CATAWBA County.

This action was commenced on the 14th day of March, 1883, upon a warrant of attachment sued out at that time from the Superior Court of Catawba county, and a summons returnable to Fall Term, 1883, was issued on the same day, against the estate of the defendant. On the same day the sheriff executed the warrant by levying on a quantity of tobacco and other property.

On the 23rd day of the same month, the plaintiff obtained an order of publication of the notice to the defendant of the sum demanded in the action, and of the issuing and levying of the attachment; and requiring him to appear at the next term of the Court and answer the plaintiff's complaint, or judgment

would be taken in the case, by default, and the property con-
demned to satisfy plaintiff's debt and costs of suit.   Publication
was made for six successive weeks, in the newspaper designated
for that purpose, and in conformity with its terms.

On the 22nd of June, 1883, counsel for defendant appeared
and moved the Court for a discharge of the attachment and
vacating the order for its issue.

In response to the motion of defendant's counsel, the Court
(Clerk) declared that upon the face of the pleadings there were
irregularities, and ordered the attachment to be vacated.

From this ruling of the Clerk the plaintiff took an appeal to
the Superior Court.   The sheriff endorsed on the summons,
"due search made and the defendant not to be found in my
county."

His Honor, *Graves, Judge,* sustained the ruling of the Clerk,
from which ruling the plaintiff took an appeal to the Supreme
Court.

The Supreme Court decided that the affidavit was sufficient to
obtain the warrant of attachment, and reversed the decision of
his Honor, *Graves, Judge.*   See 90th N. C., 150.   At Fall
Term, 1884, of the Superior Court of Catawba, the counsel for
the defendant moved to dismiss the action, because, as he alleged,
the cause had been discontinued.

His Honor, *Gilmer, Judge,* refused to dismiss the action, for
the reason that while a case is pending in the Supreme Court, no
action can be taken in the Court below, and directed an order of
publication to be made, for the defendant to appear at the next
term of the ensuing Court.   From this order the defendant took
an appeal to the Supreme Court.   This Court affirmed the rul-
ing of his Honor.   See 91st N. C., 431.   At Spring Term,
1885, upon motion founded upon affidavit of plaintiff's counsel,
an order of publication was made.   No publication, however,
was made, for the following reasons:  A check was received from
plaintiff to pay for this and past publications for the appearance
of the defendant.   Plaintiff's counsel went with the editor of

the paper in which the notice was to be published, and in the presence of the Clerk, paid the amount for publication, and a receipt was taken and filed by the attorney among the papers in the cause. The attention of the Clerk was not especially called to the fact, and no money was paid to him for a future publication, and no fees tendered to make publication. That the senior counsel supposed publication was made and knew nothing to the contrary, until a short while before the term, not in time to make publication to that term.

Upon the foregoing facts, his Honor, *Shipp, Judge,* ordered the Clerk to make the publication asked for by the plaintiff, returnable to the next term of the Court.

The defendant's counsel moved again to dismiss the action, suggesting a discontinuance. This was refused, and the defendant appealed.

*Mr. M. L. McCorkle,* for the plaintiff.
*Messrs. Coke & Williamson,* for the defendant.

ASHE, J., (after stating the facts). It is provided by §273 of The Code that "the judge or court may, before and after judgment in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or *mistake in any other respect,* or by inserting other allegations material to the case, or where the amendment does not change substantially the claim or defence, by conforming the pleadings or proceedings to the facts proved." This section gives the court the most ample and liberal powers of amendment. The court has the power to allow the amendment of an affidavit upon which a warrant of attachment has issued, although the former affidavit was wholly insufficient. *Brown* v. *Hawkins,* 65 N. C., 645.

In *Austin* v. *Clark,* 70 N. C., 485, BYNUM, Judge, speaking for the Court said: "The Code of Civil Procedure invests the Court with ample powers in all questions of practice and procedure, both as to amendments and continuances, to be exercised at

the discretion of the Judge presiding, who is presumed best to know what orders and what indulgence will promote the ends of justice in any particular case."

In *Price* v. *Cox*, 83 N. C., 261, an exception was taken to the order of publication and to the affidavit upon which it was founded, to remove which the Court gave leave to the plaintiff to proceed with a new publication, and upon appeal the ruling was upheld, as within the power of the Court and as a proper exercise of judicial discretion.

In commenting on this case the Chief Justice, in *Bank* v. *Blossom*, 92 N. C., 695, said: "Why should it not be so? The purpose of publication is to give notice to the absent defendant, and if the plaintiff has made one ineffectual effort to give it, we see no adequte reason why upon *cause shown*, the Court in exercise of the liberal power of amendment conferred, may not allow a second and correct publication to be made that shall conform to the law."

In the case of *Church* v. *Furniss*, 64 N. C., 659, the action was commenced by a summons returnable November 1st, 1869, before a magistrate, and at the same time a warrant of attachment incident thereto, was issued, upon the allegation that the defendant had left the State.

The summons was returned "not to be found." On the next day the plaintiff, upon a suggestion that the advertisement, which had been ordered, had *by accident* not been duly made, obtained a continuance of the case for four weeks. On the 25th of December, the magistrate dismissed the action because the summons had not been duly returned. The plaintiff appealed to the Superior Court, and it was there held that the failure to make the return as above was no discontinuance, and then, on the appeal of defendant to this Court, the judgment of the Superior Court was affirmed, and in the opinion of this Court, it was said that "*the substantial process was the advertisement, and as this could not be made by the 1st of November, and by accident failed to be made by the 26th of November, we think the justice had the power and right not inequitably to extend the time.*"

"A discontinuance results from the voluntary act of the plaintiff in not going on regularly with the successive connecting processes, and thereby producing a break or *hiatus,* to which such effect is ascribed." *Penniman* v. *Daniel,* 91 N. C., 431, and *Etheridge* v. *Woodley,* 83 N. C., 11.

But here there was no such voluntary act on the part of the plaintiff in not obtaining the publication. He obtained the order from the Court, paid the expense of the publication to the editor in the presence of the clerk, took a receipt for the sum and filed it with the papers. The failure to make the publication was entirely owing to the misprision of the clerk, whose duty it was to obey the order of the Court.

We think there is a distinction between the issuing of summons to be served personally, and its service by publication. In the former case, it is not the duty of the clerk to issue a summons unless it is demanded by the plaintiff. In *State* v. *Wood,* 3 Ired., 23, DANIEL, Judge, speaking for the Court said : " We be lieve it has been usual for the clerks of the courts in this State, to issue process, notices, copies of orders made in civil causes, and place them in the hands of sheriffs to be served and executed, but we are ignorant of any law *that makes it the official duty of the clerk to do so.*" It being the duty of the plaintiff to apply for a summons, if he should fail to do so, so as to make a *hiatus* in the regular issuing of the summons, it is held to be a discontinuance of his action, because the omission is ascribed to his own fault. But we do not think this principle applies to the service by publication, when an order is obtained, and the expense of publication paid, for there the plaintiff is in no default, because it is the duty of the clerk to obey the order of the Court.

We are of opinion the Court below had the power to order the publication, and the failure to make it under the circumstances of the case did not work a discontinuance of the action.

There is no error. Let this be certified to the Superior Court of Catawba, that the cause may be proceeded with in a due course of law.

No error.                                  Affirmed.