## AUGUSTUS RICHARD *v.* JAMES MOONEY.

1. ATTACHMENT: EXECUTION OF REPLEVY BOND BY DEFENDANT EQUIVA-
LENT TO SERVICE OF PROCESS ON HIM.—The execution of a replevy
bond by the defendant in attachment before the return-day of the writ is
equivalent to personal service of process on him; and renders him person-
ally amenable to the jurisdiction of the court.

2. SAME: SURETY ON REPLEVY BOND ONLY LIABLE TO VALUE OF PROP-
ERTY REPLEVIED.—It is expressly provided by statute that a surety on
a replevy bond given by a defendant in attachment shall only be liable for
the assessed value of the property so replevied. It will be error therefore
to enter judgment against the surety for the amount of plaintiff's debt, where
the jury has omitted to assess the value of the property attached and re-
plevied.

ERROR to the Circuit Court of Harrison county. Hon. W.
M. Hancock, judge.

*W. A. Champlin,* for plaintiff in error.

*R. Seal,* for defendant in error.

SMITH, C. J., delivered the opinion of the court:

This was a proceeding in attachment, in the Circuit Court of
Harrison county, in which the plaintiff procured a judgment
against the defendant, who prosecutes this writ of error.

The judgment is objected to—first, because the defendant had
no notice either by publication, as required by statute in such
cases, or by service of process upon him, of the pendency of the
suit; second, because judgment was rendered against the surety
in the replevin bond as well as the defendant in the attachment
for the amount of the debt due to the plaintiff, the jury having
omitted to assess the value of the property which was levied on
and replevied.

1. The attachment was returnable to the October term, 1860,
of the Circuit Court of said county, which by law commenced
on the third Monday, the 15th day of that month. Before that
day, to wit, on the 13th of the same month, the defendant exe-

cuted his bond of replevin and received from the sheriff the property which had been levied upon.

In proceedings of this character, where publication has been made in strict conformity to the statute, the legal presumption exists, that the party sought to be charged has had notice. And it is upon this presumption alone that the authority of the court to render judgment is based. The act of the defendant in executing the replevin bond is proof conclusive that he had, not simply constructive but actual, notice of the pendency of the suit.

The sheriff or other officer who shall execute a writ of attachment is required by statute to summon the defendant, if he can be found. Code, 373, Art. 4. The object of the statute is, doubtless, to avoid the expense of publication, and to obviate the necessity of giving notice in that way, where the defendant can be personally served with notice. It is manifest that the purpose of publication is fully subserved where it appears otherwise in an authentic form that the defendant has had actual notice. And it seems to have been the evident intention of the Legislature that the act of executing a replevin bond, under the provisions of either the eighth or the eleventh articles of the attachment law, should be tantamount to actual service of process upon the defendant, who thereby becomes personally subject to the jurisdiction of the court. For it is provided that, under certain conditions, judgment may be rendered against the sureties in the replevin bond as to whom process is not required to issue.

We have, therefore, no doubt that the execution of the replevin bond in this case was proof of actual notice to the defendant, and that, by the act of executing said bond, he became amenable to the jurisdiction of the court, which was hence authorized to pronounce a judgment, personally binding upon him. The first ground of objection is therefore untenable.

2. The second objection is well founded. The replevin bond was executed under the provisions of the eighth article of the Act in regard to attachments. Code, 373. It was therefore the duty of the jury who assessed the damages of the plaintiff also to assess the value of the property which was taken under the attachment and replevied. The jury having omitted to assess the value of the property, it was error to render any judgment

against the surety, which was done in this case for the amount of damages found for the plaintiff. The statute is express that, whatever the amount may be, which is found to be due to the plaintiff in attachment, judgment shall not be entered against the surety for a sum greater than the assessed value of the property. Code, 375, Art. 9. Here, as there was no assessment of the value of the property, no judgment should have been rendered against the surety.

·Judgment reversed, new trial awarded, and cause remanded.