J. G. BYLER, Respondent, v. CHARLES E. JONES, Appellant.

**Kansas City Court of Appeals, June 14, 1886.**

1. PRACTICE—SERVICE OF PROCESS—CONSTRUCTION OF SECTION 3481, REVISED STATUTES.—It is provided by section 3481, Revised Statutes, that suits by summons shall be brought "when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found." *Held*, that the statute is not restricted to cases where parties *voluntarily* and of their own volition, go into the county wherein the plaintiff resides; but extends to parties *lawfully* in the county, whether voluntarily or otherwise.

2. ———— SERVICE OF PROCURED BY FRAUD—ABUSE OF PROCESS.—If a person is induced by *false representations* to come within the jurisdiction of a court for the purpose of obtaining service of process upon him, and process in an action brought against him in such court is *there served*, it is an abuse of legal process, and, the fraud being shown, the court will, on motion, set aside the service. The principle upon which the rule is based is, that "a valid and lawful act cannot be accomplished by any unlawful means ; and whenever such unlawful means are resorted to, the law will interpose and afford some suitable remedy, according to the nature of the case, to restore the party, injured by these unlawful means, to his rights." Shaw, C. J., in *Ilsbey v. Nichols*, 12 Pick. 270.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Reversed and remanded.*

Statement of case by the court.

This was an action for damages against the defendant for debauching and seducing the daughter and servant of plaintiff, and was begun on the thirtieth day of September, 1879, in the common pleas court of Linn county. At the return term the defendant filed the following plea to the jurisdiction of the court over him as a party defendant:

"Now comes the defendant, and for this his plea to the jurisdiction of the court, and as reasons in denial of the jurisdiction thereof, states that he was, at the time of the commencement of this suit, and for a long time prior thereto, a resident of the county of Morgan and state of Missouri. That for the purpose of compelling defendant to defend this case in this court, the plaintiff wrongfully procured a warrant to be sued out before B. B. Bowers, a justice of the peace within and for Bucklin township, county of Linn, aforesaid, charging defendant with the crime of assault with intent to commit a rape, and did cause said defendant to be arrested in the county of Morgan, aforesaid, and brought before said justice for examination under said charge, and that, on the second day of October, 1879, in the county of Linn, aforesaid, and while said defendant was under arrest, as aforesaid, the said plaintiff procured the summons to be served upon him to answer this action. That immediately afterwards said defendant was discharged by the justice, and released from custody, and returned to his home in the county of Morgan, aforesaid. That, at the time of the service, as aforesaid, to answer in this cause, defendant was not a resident of Linn county, and defendant avers that a wrongful and improper use of the process of this court has been used, at the instance and procurement of plaintiff, to compel defendant to appear and defend this suit, at great cost, expense, and incon-

venience, and that such action is wholly ineffective to give this court jurisdiction over defendant, for the reasons aforesaid."

The plaintiff filed a motion asking the court to strike out this plea. The court sustained the motion. The defendant declined to answer further. In due time, the court rendered judgment against defendant, from which he appealed to the supreme court.

The supreme court held that the plea was a good plea to the jurisdiction of the Linn court, and that, the allegations of the petition being admitted, that court acquired no jurisdiction over the person of defendant. *Byler v. Jones*, 79 Mo. 263. The case was, accordingly, remanded for new trial.

Under the law abolishing the common pleas court, the case was transferred to the circuit court of Linn county. In the latter court, the plaintiff filed the following answer to the plea:

"Now comes plaintiff, and for answer to defendant's answer, in the nature of a plea to the jurisdiction denies that defendant was arrested and brought into the jurisdiction of this court for the purpose of serving process on him in this case, or that plaintiff procured a warrant to be issued for the defendant wrongfully, to compel him to defend this case. Plaintiff further denies that there has been any wrongful or improper use of the process in securing jurisdiction of the defendant, and denies all the allegations of the answer of the defendant."

At a trial of the issues thus presented, the defendant introduced evidence tending to prove the allegations of the plea; and the plaintiff introduced evidence tending to prove that he did not procure the arrest of the defendant for the purpose of getting him into the jurisdiction of the Linn court, for the purpose of serving him with civil process in this case. All the evidence did show, however, that the plaintiff did procure the arrest of the defendant in Morgan county, Missouri,

upon the charge of having committed an assault upon the plaintiff's daughter, with the intent to ravish her, and did, by means of such arrest, have the defendant transported to Linn county; and that the defendant, upon a hearing before a justice of the peace in Linn county, on the charge thus made against him, was discharged. The defendant testified that he was served with the summons in this case, during the hearing before the justice of the peace; the plaintiff testified that such service was had immediately upon the defendant's discharge by the justice.

Upon this state of the proof the court refused to give the following declarations of law, asked by the defendant:

"1. If the court finds, from the evidence, that the defendant was arrested at his home and place of residence in Morgan county, Missouri, by or at the instance of the plaintiff, and brought to Linn county, Missouri, to answer a criminal charge of assault to commit a rape upon the person of plaintiff's daughter, and that before, or immediately after, defendant was discharged from such arrest and accusation, he was served with summons in this case, which had heretofore been issued and placed in the hands of the sheriff of said Linn county, for service, then the finding of the court on the issue on trial must be for defendant."

"2. Under the undisputed evidence in this case, the finding must be for defendant."

And the court gave for the plaintiff the following declaration of law:

"That, although defendant was brought into the jurisdiction of this court, by virtue of an arrest on a charge of rape, and served, immediately after his acquittal or discharge, with process in this case, yet the finding should be for the plaintiff, unless the court is satisfied, by a preponderance of the evidence, that said arrest was made for the purpose of getting him into the

jurisdiction of this court, for the purpose of serving him with civil process in this case.''

The court found the issues in favor of the plaintiff. The defendant made no further defence. The plaintiff's damages were assessed at the sum of fifteen hundred dollars, for which judgment was entered. The defendant has appealed to this court.

A. W. MULLINS, for the appellant.

I. Section 3481, Revised Statutes, does not extend to any cases other than those in which parties voluntarily, and, of their own volition, go into the county where the plaintiff resides, and thus submit themselves to the jurisdiction of such county. The defendant was *brought* into the county, in this case, by the constable, as a *prisoner*. This method, says the supreme court, in this case, ''cannot receive the approbation of this court.'' *Byler v. Jones*, 79 Mo. 261; *Mathews v. Tufts*, 87 N. Y. 568; *Townsend v. Smith*, 47 Wis. 623; *Marsh's Adm'r v. Bast*, 41 Mo. 493.

II It did not devolve upon defendant to *satisfy* the court, by a *preponderance of the evidence*, that the arrest of defendant was made to get him into ''the jurisdiction of this court, for the purpose of serving him with civil process in this case.'' It ought to have been sufficient if he sustained his plea by the weight of evidence.

III. The *evidence* is clearly and conclusively against the finding of the court, even on the theory upon which the court tried the case. The prosecution could not have been in good faith on the criminal charge (under cover of which the civil process was served in this case). The proofs and circumstances outweighed the mere denials of the plaintiff.

A. W. MYERS and M. M. CRANDALL, for the respondent.

I. It is admitted to be settled law that a plain-

tiff, who, by fraud, gets a defendant into the jurisdiction of a court, and then serves process on him; the court acquires no jurisdiction of the person. *Dunlap v. Cody*, 31 Iowa, 260; *Wingate v. Insley*, 12 Pick. 270. But the question as to the object and purpose of the party in getting defendant into the jurisdiction is a question of fact, to be determined by the trial court. *Byler v. Jones*, 79 Mo. 261; *Dunlap v. Cody*, *supra*.

II. The finding of the trial court on the *question of fact*, as to whether there was any contrivance and wrong, or abuse of process, will not be reviewed by this court. *Rosencrans v. Railroad*, 83 Mo. 678; *Boyle v. Jones*, 78 Mo. 403; *Elliott v. Rosenberg*, 17 Mo. App. 667; *Griffith v. Dowdall*, 17 Mo. App. 280.

III. The court did not err in giving plaintiff's instruction, for it simply submitted the question of fact set out in the plea to the jurisdiction. The burden of proof rested on defendant, who affirmed the facts. Greenleaf on Evid. (2 Ed.) ch. 3, p. 89; Freeman on Judgments (3 Ed.) sect. 555.

IV. The court did not err in refusing instructions asked by defendant, as they entirely ignored the question at issue, viz. : Whether there was an abuse of the criminal process. The instructions refused are repugnant to the theory of the trial court and the views of the supreme court. *Byler v. Jones*, 79 Mo. 261.

## I.

HALL, J.—It is provided by section 3481, Revised Statutes, that suits by summons shall be brought "when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found."

The defendant complains of the action of the circuit court in refusing the declarations of law asked by him. He insists that such action of the court was erroneous.

He contends that "the statute recited certainly does not extend to any cases, in that regard, other than those in which parties, voluntarily, and of their own volition, go into the county wherein the plaintiffs reside, and thus submit themselves to the jurisdiction of the courts of such county."

The action of the court in that respect was proper. The statute does not support defendant's contention. We can see no reason why one, lawfully arrested in another county, and taken from that county into the county within which the plaintiff resides, provided that where the arrest was procured by the plaintiff, it was procured rightfully, may not be served with a summons in a suit brought by the plaintiff. Against the right to make such service we have seen no authority. We have carefully examined and considered the authorities cited by defendant; they do not support his contention. One under lawful arrest is not on that account exempted from service of civil process.

It has been frequently held that a summons cannot be served upon a defendant, a non-resident of the state, while attending court in that state as a party. *Mathews v. Tufts*, 87 N. Y. 570, and cases cited. This is so held on the ground that it is necessary for the due administration of justice. This reason does not apply to a case in which the defendant is arrested on a criminal charge, and taken into a foreign state to answer such charge.

## II.

It is a well established rule, sometimes said to be an elementary rule, that, "if a person is induced by false representations to come within the jurisdiction of a court for the purpose of obtaining service of process upon him, and process in an action brought against him in such court is there served, it is an abuse of legal process, and, the fraud being shown, the court will, on motion, set aside the service." *Townsend v. Smith*, 47 Wis. 626 ; *Byler v. Jones, supra ; Bank v. Knox*, 47 Mo. 334.

The principle upon which the rule is based is, that "a valid and lawful act cannot be accomplished by any unlawful means; and whenever such unlawful means are resorted to, the law will interpose and afford some suitable remedy, according to the nature of the case, to restore the party injured by these unlawful means, to his rights." Per Shaw, C. J., in *Ilsbey v. Nichols et al.*, 12 Pick. 270. The rule is simply the application of this principle to one set of facts. But the principle has been so applied in the various adjudicated cases, as to lead Chief Justice Shaw to say, in *Ilsbey v. Nichols, supra*, that the authorities support the broad proposition laid down by Lord Holt, that "no lawful thing founded upon a wrongful act, can be supported." *Lutlin v. Bemie*, 11 Mad. 50.

If the service of the summons, in this case, upon the defendant, was obtained by the wrongful act of the plaintiff, whether the wrongful act was committed for the purpose of obtaining such service or not, the service of the summons should be vacated and set aside. The question is not, whether the act was committed for the purpose of obtaining service of the summons, but is, was the act wrongful and unlawful? Except in so far, of course, as the purpose with which the act was done, of obtaining service of the summons, may render the act wrongful. But where the act was wrongful without regard to such purpose, it is immaterial whether it was or was not committed with such purpose. In *Townsend v. Smith, supra*, the court said: "It was suggested, but scarcely argued, by the learned counsel for the plaintiff, that because his client committed the fraud for the sole purpose of getting the defendant within this state, so that he might be arrested on criminal process, this action being the result of an afterthought, the service of the summons should be upheld. The suggestion is hardly worthy of notice. The defendant was within the jurisdiction of the court by means of the fraud of plaintiff; and no act of his,

'which that fraud enabled him to accomplish, can be allowed to stand, whether such act was premeditated or not. The court will not permit him to utilize his fraud for any purpose."

If the plaintiff, in procuring the arrest of the defendant acted maliciously and without probable cause, he acted wrongfully and unlawfully; and the service of the summons in this case, obtained by means of such act, cannot be upheld. All the evidence showed that the defendant, upon a hearing before the justice of the peace, was discharged. "The discharge of the defendant, by the committing magistrate, was evidence going to show the want of probable cause, and from that malice also might be inferred." *Sappington v. Watson,* 50 Mo. 84.

We think, therefore, that the circuit court erred in giving the declara iton of law for plaintiff. The cour should have passed upon the question as to whether the plintiffs' act in procuring the arrest of d efendant was ongful, that is, whether it was done mandali, uocisly at without probable cause. This question the court did not pass upon, but ignored.

For this reason, the judgment is reversed and the cause remanded. Ellison, J., concurs ; Philips, P. J., concurs in the result.