John R. Christian, Appellant, v. James M. Williams et al., Respondents.

St. Louis Court of Appeals, April 2, 1889.

1. **Jurisdiction: SERVICE OF SUMMONS: PERSONAL PRIVILEGE.** A party to a suit pending in a county other than that of his residence, who visits such county for the sole purpose of attending the trial, and of giving his testimony and consulting with his counsel in connection with such a suit is not, while so in attendance, subject to the service of summons in another civil suit instituted in the same court by a resident of the county in which it sits. The court acquires no jurisdiction of the defendant's person by such service of summons.

2. **Jurisdiction:** SERVICE ON CO-DEFENDANT. An improper and invalid service of summons upon a defendant, in the county not of his residence, will not support a service upon his co-defendant in the county where he resides, if the same be not the county in which the suit is brought, and the jurisdiction of the court must fail as to both defendants.

3. **Jurisdiction:** WAIVER BY DEFENDANT. A defendant does not waive his plea to the jurisdiction, or his right to the benefit thereof on appeal, by failing to except to the decision of the court sustaining a demurrer to his plea, or by answering over and including in his amended answer a renewal of his plea, or by answering to the merits.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED ( *and certified to the supreme court*).

*Christian & Wind*, for the appellant.

Suits by summons may be brought in the county where plaintiff resides and defendant may be found. R. S. 1879, sec. 3481. Service of summons may be made upon a non-resident who comes within the jurisdiction of the court, unless his presence is procured by fraud on the part of the plaintiff. *Bishop v. Vose*, 27 Conn. 1 ; *Duringer v. Moschino*, 93 Ind. 495 ; *Massey v. Colville*, 45 N. J. L. 119 ; *Lagraves case*, 14 Abb. Pr. (N. S.) 343 ; *Adriance v. Lagrave*, 59 N. Y. 110 ; *Williams v. Bacon*, 10 Wend. 636 ; *Nichols v. Goodheart*, 5 Bridewell ( Ill. App. ) 574 ; *Pollard v. Railroad*, 7 Abb. Pr. ( N. S. ) 71 ; *Case v. Rorabacker*, 15 Mich. 537. If a party served with summons desires to claim privileges from service he must do so at once, or he will waive his right. *Pollard v. Railroad*, 7 Abb. Pr. 72.

*James Carr*, for the respondents.

It is settled by a well-considered decision of the supreme court of this state, that a party, while under

arrest on a criminal charge in a county different from the one in which he resides, is privileged from the service of a summons issued in a civil suit against him. *Byler v. Jones*, 79 Mo. 261. It is also settled by the supreme court of this state that jurisdiction over a party cannot be legally acquired in a civil suit where a party residing out of the jurisdiction of the court is induced by fraudulent misrepresentations to come within its jurisdiction. *Marsh v. Bast*, 41 Mo. 493. "Suits instituted by summons shall, except as otherwise provided by law, be brought: *First*, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found ; *second*, when there are several defendants, and they reside in different counties, the suit may be brought in any such county." R. S., sec. 3, 481. The respondent Williams was not "found" within the jurisdiction of the circuit court of the city of St. Louis within the true intent and meaning of the section of the practice act above quoted. Why? Because said section contemplates a voluntary going into "the county within which the plaintiff resides," and not enforced and to protect himself from the recovery of a judgment. *Plimpton v. Winslow*, 9 *Id.* 365 ; *Atchison v. Morris*, 11 *Id.* 582 ; *Larned v. Griffin*, 12 *Id.* 590 ; *Bank v. McSpedan*, 5 Biss. 64 ; *Mitchell v. Judge*, 53 Mich. 541 ; *People v. Judge*, 40 Mich. 729 ; *Palmer v. Rowan*, 32 N. W. Rep. 210. The eleventh section of the judiciary act of September 24, 1789, now section 739, Revised Statutes of the United States. The act which confers jurisdiction of the circuit court of the United States has the following words : "No civil suit shall be brought before either of said courts against an inhabitant of the United States by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." 1 U. S. Stat. at large, p. 79, sec. 11. The

courts of the United States have always construed the word "found" in this section as applying to an inhabitant of the United States who had voluntarily gone into the district, and not to one who was a witness or party to a suit therein, and gone into the district for the purpose of testifying as a witness or attending to his case as a party. See the cases in the U. S. circuit cited *supra.* When a literal construction of a statute leads to an absurd conclusion, or to one that would produce palpable injustice, the supreme court of this state rejects a literal construction. So of other states. *Proctor v. Railroad,* 64 Mo. 112; *Bent v. St. Vrain,* 30 Mo. 268; *Osgood v. Breed,* 12 Mass. 528; *Reed v. Davis,* 8 Pick. 513; *Jackson v. Collins,* 3 Cow. 89. The filing of the answer on the merits of the case did not waive the plea to the jurisdiction. *Little v. Harrington,* 71 Mo. 390; *Byler v. Jones,* 79 Mo. 261; *Fisher v. Fraprie,* 128 Mass. 600.

THOMPSON, J., delivered the opinion of the court.

This action was commenced in the circuit court by the service of a summons upon the defendant, Jas. M. Williams, in the city of St. Louis, and upon the defendant, Joseph B. Davis, Sr., in the county of Randolph. The defendants filed an amended answer, which consisted of two parts, first, a plea to the jurisdiction, and, secondly, an answer to the merits. In the plea to the jurisdiction they set up, in substance, that an action was depending in the circuit court of the city of St. Louis against the defendant Williams, of which action the said court had jurisdiction, and that, while the defendant Williams was attending on the trial of such action for the purpose of testifying as a witness in his own behalf and also for the purpose of giving instructions to his counsel in regard to his defense therein, having left his home in Randolph county and come to the city of St. Louis for that purpose alone,—the petition was filed in this action in the circuit court of the

city of St. Louis, and a summons. issued thereupon, which was served on the defendant Williams while so attending in good faith at the trial of that action and while the trial was going on.    This part of the answer also recites the service of a summons, issued in this cause by the clerk of the circuit court of the city of St. Louis, upon the defendant Davis, by the sheriff of Randolph county, by delivering a copy of the petition and summons to a member of the family of said Davis over the age of fifteen years in Randolph county.    The plaintiff filed a reply, in which he traversed every state- ment of new matter contained in the amended answer.

When the cause came on for trial the learned judge directed that so much of the issue as related to the question of jurisdiction be first tried.    The defendants thereupon introduced evidence strictly proving the facts set up in so much of their answer as constituted a plea to the jurisdiction.

The plaintiff offered no countervailing evidence, but introduced in evidence the original answer of the defendants in the present action, together with the plaintiff's demurrer thereto, and also a minute entry of an order of the court sustaining the demurrer. This was done on the theory that, by failing to except to the order of the court sustaining the demurrer, the defend- ants had waived any privilege which they might have had to object to the jurisdiction of the court over their persons.

Upon this evidence the court gave the declaration of law "that, under the pleadings and evidence in this case, the court has no jurisdiction of the persons of the defendants, and, therefore, cannot proceed to try the cause on its merits."

We take it that two questions arise upon this record : (1) Whether the circuit court acquired jurisdiction over the persons of the defendants by the service of summons upon them at the times and places above recited.    (2) Whether, if the circuit court acquired no jurisdiction

over their persons, they have waived the right to object, to the want of jurisdiction of the court.

Section 3481 of the Revised Statutes provides as follows: "Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found." It is admitted that the plaintiff resides in the city of St. Louis, and that the defendant Williams was "found" in the city of St. Louis at the time of the service of the writ of summons upon him. It is not questioned that the city of St. Louis is a county within the meaning of this statute, and it is frankly conceded by the learned counsel for the defendants that summons was served upon Williams in *literal conformity* with the statute, and that if the naked letter is to govern, the circuit court acquired jurisdiction. But it is argued that the statute is to be read with reference to the surrounding principles of the common law; that it ought not to be so construed, by reason of the generality of its language, as abrogating any of the principles of the common law which clothe the parties and witnesses with privilege from arrest and service of process while attending upon judicial trials, which principles were found necessary for the due administration of justice and are founded in a wise public policy; but that, in its interpretation, the court should have reference to its spirit as well as to its letter. We are of this opinion. In some of the cases where parties, non-residents of the jurisdiction, have been discharged from arrest under civil process while attending as parties or witnesses upon judicial proceedings, there was a statute similar to our statute, using the word "found," and they were served in conformity with the literal terms of the statute. See, for instance, *Parker v. Hotchkiss*, 1 Wall. **Jr.** 269; overruling *Blight v. Fisher*, Pet. C. C. 41.

I.  Every superior court of record has power, at common law, to protect witnesses and parties from arrest on civil process during their attendance upon the court and for a reasonable time in going and returning, *eundo morando et redeundo.*  1 Greenl. Ev., sec. 316 ; *Palmer v. Rowan,* 32 N. W. Rep. ( Neb.) 210 ( where numerous authorities are collected by MAXWELL, C. J. ); *Thompson's case,* 122 Mass. 428 ; *Larned v. Griffin,* 12 Fed. Rep. 590.  This power of protecting witnesses is equally exercised by such courts, whether the witnesses attend under the compulsion of a subpœna or voluntarily, and whether they have obtained a writ of protection or not.  *Walpole v. Alexander,* 3 Doug. 45 ; *Meekins v. Smith,* 1 H. Bl. 636 ; *Arding v. Flower,* 8 Term R. 534 ; *Spence v. Stuart,* 3 East. 89 ; *Ex parte Byne,* 1 Ves & B. 316 ; *Persse v. Persse,* 5 H. L. Cas. 671 ; *M'Neil's case,* 6 Mass. 245 ; *Wood v. Neale,* 5 Gray ( Mass.) 538 ; *May v. Shumway,* 16 Gray ( Mass.) 86. According to some conceptions, chiefly found in early cases, the privilege entended only to exemption from arrest, and not to the mere service of a summons. *Blight v. Fisher,* Pet. C. C. 41 ; *Hunter v. Cleveland,* 1 Brev. 167 ; *Taft v. Hoppin,* Anth. N. P. 255 ; *Booraem v. Wheeler,* 12 Vt. 311 ; *Bishop v. Vose,* 27 Conn. 1 ; *Pollard v. Railroad,* 7 Abb. Pr. ( N. S.) 7 ; *Duringer v. Moschino,* 93 Ind. 495 ; *Hopkins v. Coburn,* 1 Wend. ( N. Y.) 292 ; *Legrand v. Bedinger,* 4 T. B. Monr. ( Ky.) 539 ; *Huntington v. Shultz,* Harp. ( S. C.) 452.  This distinction was not of much importance at a time when civil actions were ordinarily commenced by the issuing of a *capias,* but it has acquired importance since the abolishment of imprisonment for debt, which has so changed the practice that civil actions are now ordinarily commenced by the issuing of a summons.  In this aspect the question has attracted attention in several modern cases, where the courts have, on sounder views, as we think, extended the immunity to cases where the action

is commenced by summons merely. *Mitchell v. Judge,* 53 Mich. 541; s. c., *sub nom. Mitchell v. Wixon,* 19 N. W. Rep. 176; *Palmer v. Rowan,* 32 N. W. Rep. (Neb.) 210; *Compton v. Wilder,* 40 Oh. St. 130 (summons and arrest); *Andrews v. Lembeck,* 18 N. E. Rep. 483; *Massey v. Colville,* 45 N. J. L. 119; s. c., 46 Am. Rep. 754; *Halsey v. Steward,* 1 South. (N. J.) 366; *Dungan v. Miller,* 37 N. J. L. 182; *Person v. Grier,* 66 N. Y. 124; *Matthews v. Tufts,* 87 N. Y. 568; *In re Healey,* 53 Vt. 694; *Atchison v. Morris,* 11 Fed. Rep. 582; *Plimpton v. Winslow,* 9 Fed. Rep. 365; *Bridges v. Sheldon,* 7 Fed. Rep. 17; *Brooks v. Farwell,* 4. Fed. Rep. 166; *Juneau Bank v. McSpedan,* 5 Biss. (U. S.) 64. Some courts have taken a distinction between the case where the person served with process is attending court as a *party,* and where he is attending as a *witness.* But it is believed that there is no sound foundation for this distinction and that the view taken in New Jersey is the sound one, that the privilege of a party in this respect is co-extensive with that of a witness. *Halsey v. Steward,* 1 South. (N. J.) 366; *Dungan v. Miller,* 37 N. J. L. 182. Another distinction has been taken between the case where the person claiming the privilege has come from another state and where he has merely come from another jurisdiction in the same state. Thus in New York the practice has been, where the party claiming the privilege was a resident of the state, to discharge him from arrest on filing common bail, but where he was a non-resident of the state to set aside the service of the process absolutely. *Norris v. Beach,* 2 Johns. (N. Y.) 294; *Sanford v. Chase,* 3 Cow. (N. Y.) 381; *Hopkins v. Coburn,* 1 Wend. (N. Y.) 292. But, as was suggested in *Person v. Grier,* 66 N. Y. 124, there seems to be no sound foundation for this distinction; and accordingly we find a tendency in modern decisions to extend the rule to cases where the party claiming the privilege is a resident of the state, but is served with

civil process while attending a judicial proceeding, as a party or as a witness, in a jurisdiction other than that within which he is ordinarily suable. Such were the following cases: *Mitchell v. Judge,* 53 Mich. 541; *Andrews v. Lembeck,* 18 N. E. Rep. (Oh.) 483; *Palmer v. Rowan,* 32 N. W. Rep. (Neb.) 210; *Parker v. Hotchkiss,* 1 Wall. Jr. 269 (overruling with the approbation of TANEY, C. J., and GRIER, J., *Blight v. Fisher,* Pet. C. C. 41); *Hayes v. Shields,* 2 Yeates (Pa.) 222; *Miles v. M' Cullough,* 1 Bin. (Pa.) 77. In *Massey v. Colville,* 45 N. J. L. 119, the court while recognizing a distinction between the case of a non-resident and of a resident, applied the rule so as to accord the privilege to the defendant, by changing the venue to the county of his residence.

The reason which extends the immunity to a non-resident witness is, that he cannot be brought within the jurisdiction to testify by compulsory process; and, as his testimony may be needed in order to the due administration of justice, he ought not to be deterred from coming by the possibility of being entangled in other litigation by reason of coming. The same reason extends in a measure to the presence of a litigating party. The due administration of justice is presumptively promoted by his being present at the trial of a cause to which he is a party, in order to instruct his counsel, and it is therefore prejudicial to the administration of justice that a rule should exist which may deter him from coming.

The same principle must apply, though not in so great a degree, to the case of a witness or of a party who, though a resident of the state, is not a resident of the county within which the action is being tried, upon which he is attending as a party or as a witness or both, and within which county he could not ordinarily be served with process. It is conducive to the proper administration of justice that he should be allowed to attend without the danger of being entangled in other

litigation, at a place remote, it may be, from his residence, by reason of process in other actions being served upon him while so attending, or while going to, or returning from, the place of trial.

In this case the defendant Williams attended upon the trial of the action which was being prosecuted against him in the circuit court of the city of St. Louis, in the dual character of a party and witness. While the statute (R. S., sec. 4028) extends no further than to exempt witnesses *from arrest*, except in cases of treason, felony and breach of the peace, during their attendance upon court, yet we think that the principles of the common law, supported by the foregoing reasons, render the service of any civil process against witnesses voidable at their election, while attending as witnesses in judicial or *quasi*-judicial proceedings outside the jurisdiction within which they are ordinarily subject to be sued, whether they are residents or non-residents of the state.

It is admitted that the decisions of our supreme court do not furnish direct authority by which we can decide the question now before us, In *Byler v. Jones*, 79 Mo. 261, it was held that a party, while under arrest under criminal process outside the county of his residence, could not be served with summons so as to give jurisdiction in a civil action. On a second appeal in this case to the Kansas City court of appeals (*Byler v. Jones*, 22 Mo. App. 623), a ruling was made which it is difficult to reconcile with the decision of the supreme court. The cases of *Marsh v. Bass*, 41 Mo. 493, and *Capital City Bank v. Knox*, 47 Mo. 333, proceed upon the ground that jurisdiction over the person of a defendant cannot be legally acquired by *fraud* or *artifice*.

II. Being, then, of opinion that the defendant Williams was privileged against service of the summons in this action while attending upon the other action, either in his character of party or in his character of witness, we shall next consider whether he has *waived*

the privilege by anything which he has done in this case. Clearly he has not waived it by not taking an exception to the order of court sustaining the demurrer to his original answer in which he first set it up; because the petition, the answer, the demurrer, and the order of court sustaining the demurrer were parts of the record proper; and if he had stopped there and suffered judgment by default, he might, if the demurrer were improperly sustained, have reversed the judgment upon writ of error. It is not necessary to except to a ruling upon demurrer in order to have the ruling reviewed on appeal or error.

We are equally clear that he did not waive his plea to the jurisdiction by answering over; because in his amended answer he again renewed it, and in such frame of language that the plaintiff saw fit to join issue upon its allegations by his reply.

Nor did he waive his plea to the jurisdiction by answering to the merits. Under our practice act a defense to the merits may be united with a plea to the jurisdiction, but the court ought to settle the question of jurisdiction before proceeding to try on the merits; and this was what the court did in the present case. This was held in *Byler v. Jones*, 79 Mo. 261, where the same question arose as in this case, with the only difference that the defendant had been brought into the county by an arrest on criminal process in order to get him within the jurisdiction so as to serve a writ of summons on him in a civil action. See also *Little v. Harrington*, 71 Mo. 390.

In most of the cases which we have examined the question was raised by a motion to quash the service of process. But this seems to have been in accordance with a rule of practice prevailing in the particular jurisdictions, whereby an appearance and an answer to the merits would have waived the privilege. As the question in such a case as the one before us will depend upon

Ampleman v. Citizens' Ins. Co.

facts to be proved by witnesses, it seems entirely proper that it should be raised by a plea to the jurisdiction in the answer, and *Byler v. Jones, supra,* is a distinct authority to the point that it may be so raised.

As to the defendant Davis, service of process on him in a county other than that in which the action was brought or in which he was found can only confer jurisdiction over his person in the St. Louis circuit court in case of a valid service upon his co-defendant, and then only in case of a joint liability. *Graham v. Ringo,* 67 Mo. 324.

We are, therefore, of opinion that the judgment of the circuit court in this case ought to be affirmed; but as our decision is in conflict with the decision of the Kansas City court of appeals in *Byler v. Jones,* 22 Mo. App. 623, it is ordered that this cause be certified to the supreme court in accordance with the constitutional mandate. All the judges concur.