PEARCE v. SUTHERLAND et al.

(First Division. Juneau. June 13, 1907.)

. 1. CORPORATIONS (§ 30*)—ACTS OF CORPORATORS—INCORPORATION OF PARTNERSHIP.

Plaintiff and defendant Sutherland were copartners and owners of an option to purchase the Gilbert group of mines. They formed a corporation to which the property was transferred for stock. The plaintiff sued Sutherland and the corporation, claiming an interest in the property conveyed. *Held*, where partners form a corporation and transfer the partnership property to it

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

for stock, it ceases to be partnership property, and their interest is fixed by the amount of stock they own.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 100; Dec. Dig. § 30.*]

2. CORPORATIONS (§ 30*)—ACTS OF CORPORATORS—ESTOPPEL.

Where partners form a corporation and transfer partnership property to it for stock, and sell the stock to innocent purchasers, they are each estopped to deny the corporate ownership.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 100; Dec. Dig. § 30.*]

3. MINES AND MINERALS (§ 14*)—LOCATION BY AGENT—CONTRACTS.

Plaintiff was the manager and superintendent of a mining corporation. While engaged in developing its property, he located other adjoining mines for it, but afterward claimed an interest therein. He had no contract with the locator for any such interest. *Held*, in the absence of a contract with the locator, his gratuitous location vested the title in the locator and he took nothing thereby.

[Ed. Note.—For other cases, see Mines and Minerals, Dec. Dig. § 14.*]

On demurrer to complaint.

The bill of complaint alleges that plaintiff and defendant Sutherland entered into a contract of copartnership for promoting and disposing of mining properties in Alaska; that plaintiff should have one-third of the net profits in money, bonds, and stocks received by Sutherland, and out of the net profits received by Pearce he should pay Sutherland one-half. Together they procured an option on the Gilbert group of mines near Juneau, and formed a holding corporation under the laws of New York, called the "Alaska Perseverance Mining Company," to which the option title of the Gilbert group was transferred. The capital stock of the corporation was 100,000 shares, of which 99,995 shares were issued to Sutherland in payment for the interest claimed by both partners in and to the Gilbert group. The 5 shares were issued singly to

the directors, Pearce receiving 1. He became a director in the corporation and the resident manager of the mines. Sutherland disposed of the capital stock in New York, London, and Paris, and the money thus obtained was used in developing the mines. Pearce was given a salary of $300 per month by the corporation in payment for his services as manager and superintendent of the mines. From 1901 to July, 1905, Pearce continued to act as such manager and superintendent, and as a director in the corporation, and while thus acting as an officer and employé of the corporation, and in the name of the corporation, he located adjoining mines containing extensions of the ore bodies in the Gilbert group. In 1905 Sutherland procured a deed of the Gilbert group to the corporation and forwarded it to Pearce who caused it to be recorded, and the corporation thus became the owner of the Gilbert group by purchase, and of the extensions thereof by Pearce's locations in the corporation name. Thereafter, and in 1905, the corporation by its board of directors discharged Pearce as manager and superintendent. Thereafter, and in July, 1906, Sutherland and Pearce's attorney met in Vancouver, B. C., and compromised their differences by written contract, wherein Sutherland agreed to pay Pearce $60,000 in settlement for all his claims against Sutherland and the corporation. Thereafter Pearce declared that contract forfeited for an alleged breach by Sutherland, and brought this suit praying for a receiver, a dissolution of the copartnership, an accounting, and a distribution of the proceeds of the partnership interests in the corporation. Defendants' demurrers are filed upon various grounds stated therein.

George C. Isreal and J. A. Hellenthal, for plaintiff.

F. M. Stone, Winn & Burton, Maloney & Cobb, and R. F. Lafoon, for defendants.

WICKERSHAM, District Judge. The bill does not disclose that plaintiff had business dealings with the corporation other than as a director and manager and superintendent. He does not claim to have had any contract with it in relation to his stock or other interests therein. He does allege that he had such a contract with Sutherland prior to the organization of the corporation; but his only allegation of relations with the corporation relate only to his election and service as director and his employment and service as manager and superintendent. For his services in the latter capacity he received an agreed monthly salary of $300, and no allegation of failure to keep that agreement is made against the corporation. He does allege, and it is admitted by the demurrer, that Sutherland entered into a contract of copartnership in respect to the interests that each should own in the corporate property, and that Sutherland violated his agreements in that regard; but the corporation is a separate personality from both Sutherland and Pearce, and cannot be held for the refusal of either to perform his contract. The Alaska Perseverance Company is not shown to have made or assumed any contract with Pearce which it violated, and no cause of action is stated against it in the bill. When the Gilbert group was conveyed to it by deed, and the new locations of the ore bodies were made in its name and for it by its employé, Pearce, it became the owner thereof without notice of any secret claims held by either Sutherland or Pearce, and they became the owners only of its stock which had been regularly conveyed to them.

Pearce also alleges in his bill that, while acting as manager and superintendent of the corporation, he located certain mining claims, being extensions of the Gilbert group, for and in the name of the corporation, and he now claims a half interest therein by virtue of his agreement with Sutherland. But that he cannot do, since he does not allege or offer to prove any contract with the corporation, the legal locator, reserving any

such interest in himself. Where one gratuitously locates a mining claim for another, without any agreement reserving an interest therein for himself, the one in whose name the location is made takes the entire title and the agent has nothing. Moore v. Hamerstag, 109 Cal. 122, 41 Pac. 805. It was Pearce's duty, as director and local manager and superintendent of the corporation, to protect its property interests and to locate the extensions of its ore bodies, and since he does not allege any contract with the corporation locator for a joint ownership of the claims located by him in its name, he does not state any facts in that regard to justify the court to grant him any relief as against the corporation.

When Sutherland and Pearce, acting as partners, formed the corporation, and transferred the mines to it by deed and by location, the property ceased to be theirs and became that of the corporation, though they became the owners of its stock in so far as it was issued to them. Neither of them can now be heard to deny the ownership of the corporation, nor to claim any title in its property, except as stockholders.

In so far, also, as this bill attempts to impound the property of the corporation on plaintiff's demands against Sutherland, it fails to state a good cause of action against either. By amendment it may be made to state a cause of action against Sutherland on his contract of partnership with plaintiff; but as it now stands the demurrers must be sustained, with leave to amend.