## ACCUSED PERSON NOT IMMUNE FROM SERVICE OF CIVIL PROCESS.

Common Pleas Court of Lucas County.

EDWARD H. FIELDS v. JOHN J. RAGELMEIR ET AL.

Decided, July 6, 1908.

*Summons—Service of Process in a Civil Action Upon an Accused Person—Privilege from Arrest—Sections 5457 and 5459.*

Service of process may be had in a civil action upon an accused person who is voluntarily seeking a hearing before a grand jury in a·county other than that of his residence.

*Beard & Beard,* for plaintiff.
*Chittenden & Chittenden,* contra.

BASSETT, J.

Heard on motion to quash service.

Two separate motions are filed in this case, one by defendant, John J. Ragelmeir, and one by the defendant, George W. Crawford, each motion containing the same grounds, to-wit, moving the court to quash the service of summons herein and dismiss said action,· for the reason that said court has no jurisdiction over the person of the defendants.

By the agreed statement of facts it appears that the defendant Ragelmeir, a resident of Defiance county, was on February 17, 1908, present at a preliminary hearing or investigation before a justice of the peace in Lucas county, Ohio, and was by such justice ordered to enter into a recognizance to appear before the Court of Common Pleas of Lucas County, Ohio, then in session; that thereafter the grand jury of said county convened on March 9, 1908, and was in session on March 11, 1908, when the defendant, John J. Ragelmeir, was served with summons in this case, that is, in the case now under consideration; that the defendant, Ragelmeir, was never at any time summoned or subpoenaed to appear before said grand jury on said March 11, 1908, or at any other time during said term nor during the session of said grand jury; nor was he at any time requested by any member of the said grand jury or said court, or any

officer of said court, nor by the prosecuting attorney of said county or any of his assistants, nor by the clerk of said court, or any of his deputies, at any time on said March 11, 1908, or any other time, to come from the county of Defiance, Ohio, and appear before said grand jury, as a witness in his own defense, or in any other capacity. That said Ragelmeir, without any petition or request or without any summons or subpoena but on his own suggestion, came before said grand jury on said March 11, 1908; that said bond given in said criminal proceeding in said justice court did not provide, nor did said justice of the peace order, that said John J. Ragelmeir appear from time to time before said Court of Common Pleas of Lucas County to await the grand jury of said county, nor that said plaintiff should not depart therefrom without leave.

Certain authorities have been cited by counsel for the mover, among which is the case of *Andrews* v. *Lembeck*, 46 Ohio St., 38. In this case an injunction was sought in Medina county; the judges of that judicial district being engaged and not being able to hear the case, notice was served upon the defendant to appear before one of the judges in Cuyahoga county, in the same judicial district. Upon the hearing in Cuyahoga county, the defendant, a party to the suit, appeared, on the advice of his counsel that his presence might be necessary during the hearing. After the hearing, and before sufficient time had elapsed for Andrews to depart for his home by the first train leaving therefor, he was served with summons in an action commenced against him by Lembeck in Cuyahoga county. The Supreme Court held that, under Section 5459, he was exempt from service, and that the summons there served upon him in another civil action was not good service.

There is another case, cited on page 42, *Compton* v. *Wilder*, 40 Ohio St., 130, in which the defendant in a criminal prosecution was extradited from Pennsylvania to Ohio, and while in Ohio the complaining witness undertook to and did have served upon the defendant (prior to his entering into bail, or at least soon after entering into bail and prior to his leaving the state by the easiest and earliest means of leaving) a summons and arrest. In that case the Supreme Court held that as a matter of good faith the complaining witness had not made good serv-

ice; and as a matter of good faith between the state of Ohio and the state of Pennsylvania such practice would not be tolerated; therefore the court held that the service was invalid and that the defendant, a non-resident, was not required by law to answer to the summons, that he was not in court in a lawful manner, and the summons was set aside. *Mayer* v. *Nelson*, 54 Neb., 434; *Letherby* v. *Shaver*, 73 Mich., 500; *Byler* v. *Jones*, 22 Mo. App., 623.

Section 5457 of the Revised Statutes of Ohio sets forth certain persons who are priviledged from *arrest*. Among those privileged from *arrest* are officers, suitors and witnesses while going to, attending or returning from court. The only qualification to that provision is found in Section 5459, Revised Statutes, which says:

"Nothing in this subdivision contained shall be construed to extend to cases of treason, felony, or breach of the peace, or to privilege any person herein specified from being served at any time with a summons or notice to appear."

It will be noticed in *Compton* v. *Wilder, supra,* that they not only had served the summons or notice to appear, but they also had issued the order for arrest, and the court held that consequently it was invalid.

In this case no order for arrest has been made. Under the common law a *capias* is a writ commanding the sheriff to take charge of the defendant and have him before the court to answer the charge therein contained; it is called a *capias ad respondendum* when issued before judgment and a *capias ad faciendum* when issued after judgment. It directs that the defendant be compelled to appear, while the sole object of the summons is that he be notified. We state this merely as a means of distinguishing between a *capias* at common law and a summons under our code.

When the defendant, Ragelmeir, voluntarily entered into Lucas county and voluntarily appeared before the grand jury, he, of his own accord, submitted himself to that jurisdiction. As matter of right, he could not appear before the grand jury; he could not introduce witnesses; he could not challenge the jurors before the oath was administered; he could not demur to the

complaint, nor cross-examine the complaining witness, until the indictment was filed and the case docketed and the defendant arrested. He could not be considered as in court and compelled to make answer; neither could the grand jury punish him as for contempt by exercising the ordinary powers of a court of law. *State* v. *Hamlin,* 47 Conn., 95; *State* v. *Walcott,* 21 Conn., 271; *People* v. *Goldenson,* 76 Cal., 328.

In *Compton* v. *Wilder,* to which we have referred, it was found there that the plaintiff had acted in bad faith, in forcibly bringing a non-resident of Ohio into the jurisdiction. This case, however, now on hearing, is free of the charge even of malice, fraud, connivance or procurement on the part of the plaintiff to inveigle the defendant into this jurisdiction; indeed the agreed statement of facts shows that the defendant came here voluntarily, and without a subpoena appeared before the grand jury. The case is not only free from the objection that it is not in good faith or in fraud of the law, but it is free from the objection that the service of summons or notice was served upon the defendant in a manner which tends to impede or embarrass the administration of public justice; for, as the court has already said, he had no lawful occasion to attend upon the hearing before the grand jury. The weight of authority seems to favor a distinction to be made between a criminal and a civil case; that is to say, a suitor in a civil case, while attending that case in his own interest, either as a witness or a suitor or otherwise, is privileged from being served with a summons in another civil action.

In the case of *White* v. *Underwood,* 46 L. R. A., 706 (N. C.), it is said:

"Confinement in jail for default of bail in a criminal case does not preclude legal service on the prisoner of summons in a civil action with an order of arrest and bail ancillary thereto."

We do not think the decisions in Ohio go that far. Again it is said, page 707:

"A person in custody on a criminal charge may, before or after conviction, be served with civil process." *Slade* v. *Joseph,* 5 Daly (N. Y.), 187, 190; *Byler* v. *Jones,* 22 Mo. App., 623; *Moore* v. *Green,* 73 N. C., 394.

Again on page 709, it is quoted as follows:

"The absence of privilege afforded by a criminal arrest is illustrated by cases recognizing the validity of service immediately after a discharge from custody while defendant is still practically in the power of the court."

"One who has been convicted of an assault in a court of special sessions is not privileged, while returning home, from arrest in a civil action." *Lucas* v. *Albee*, 1 Denio, 666.

"A defendant who has been brought into court by a criminal process and discharged from arrest upon giving bail is not exempt from arrest on a civil process immediately afterwards, before he leaves the court room." *Moore* v. *Green*, 73 N. C., 394.

"One under lawful arrest is not on that account exempted from service of civil process; and there is no reason why one arrested in another county, and taken from that county into the county within which the plaintiff resides—provided that where the arrest was procured by the plaintiff it was procured rightfully—may not be served with a summons in a suit brought by the plaintiff." *Byler* v. *Jones*, *supra*.

"Service upon one, induced by false representations, to come into the jurisdiction of a court, for the process upon him, is to abuse the process, and will, on motion, be set aside." *Byler* v. *Jones*, *supra*; *Pilcher* v. *Graham*, 18 C. C., 5.

But as the court has already said, the question of bad faith does not enter into this case. Again it is said in the case of *Smith* v. *Nicola*, 19 Pa. Co. Ct. Rep., 440:

"A defendant attending court to answer a criminal charge is not privileged from service of civil process."

The next case that is noted in plaintiff's brief is the case of *Krell Piano Co.* v. *Krell*, 6 O. L. R.; 542. We have not the case here, but that is a case in Hamilton county where a non-resident of the county appeared in Cincinnati at the time certain depositions were taken. Instead of attending to his legal business and returning home with reasonable promptness after the depositions were taken, he stayed in the city and made personal visits; and the court held that the service was good because he had delayed or deviated from the usual course of returning home in the

usual time. In other words, he was voluntarily there for his own personal pleasure or gratification and was not there by reason of the service of summons or in attendance on a trial, and therefore was not privileged from service on that account.

It is held in the case of *Moyer* v. *Place,* 13 Pa. Co. Ct. Rep., 163: "A party to a civil suit in attendance on the trial, is privileged from service of a writ. No such privilege exists where the party served is a defendant in a criminal indictment," and the case proceeds along that line. A great many other cases to the same effect might be cited, but for present purposes it is needless to do so. One of the chief controlling reasons for the distinction is, that parties in civil actions appear voluntarily, and should be encouraged to appear in the assertion or defense of their rights, by immunity from *arrest;* whereas defendants in criminal actions appear involuntarily, and need not be encouraged.

So that, by reason of the agreed statement of facts, and the great weight of decisions, recent and remote, the court holds that the service of summons upon each defendant in this case was valid. The motions are, therefore, overruled.