J. H. MITCHELL v. THE ELIZABETH CITY LUMBER COMPANY ET AL.

(Filed 29 September, 1915.)

**Attachment—Nonresidents—Replevy Bond—Appearance—Submission to Jurisdiction—Interpretation of Statutes.**

> Where proceedings in attachment have been properly entered and prosecuted against a nonresident defendant having property in this State, except that no order for or publication of the summons or personal service has been made, a bond given by defendant in discharge of the writ is a voluntary submission of defendant's cause to the jurisdiction of the court, our statutes, Revisal, secs. 774 and 775, requiring that such bond shall only be received after a general appearance entered, etc..

APPEAL by defendants from *Ferguson, J.,* at April Term, 1915, of HERTFORD.

Civil action heard on motion to discharge an attachment and dismiss the action.

On the hearing, it was made to appear that plaintiff, having a claim against defendants for wrongful injury to his property, instituted an action by issuing a summons against them, returnable to February term of said court, 1915; that on affidavit duly made, averring validity of claim, that defendants were all nonresidents and that they had property within the State, etc., a warrant of attachment was duly issued, returnable to said February term, and, acting under said warrant, the sheriff levied same on lot of personal and real property belonging to defendants and made return thereof in proper form to the court; that after the institution of said suit and warrant and the levy thereof, towit, on 7 December, 1914, defendants gave bond in discharge of the attachment, as required by the statute. At February Term, 1915, the complaint having been duly filed, but no summons having been served on defendants or either of them, and no publication having been made or order therefor obtained, defendants, by their counsel, claiming to make a special appearance, moved to discharge the attachment and dismiss the action, on the ground that this issuing and the summons had not been properly followed by service of summons on defendants, either personal or by publication. The court, being of opinion that the giving of the bond was equivalent to personal appearance of defendant and constituted a waiver of the defects suggested, denied the motion, and defendants, having duly excepted, appealed.

*Winborne & Winborne* for plaintiff.
*E. T. Snipes, D. C. Barnes* for defendants.

HOKE, J., after stating the case: It was suggested on the argument that the defendants' appeal might be premature, but our decisions are to the effect that the refusal to dismiss a warrant of attachment is an ap-

pealable order, and, unless appealed from, the questions involved become *res adjudicata*. *Judd v. Mining Co.,* 120 N. C., 397; *Sheldon v. Kivett,* 110 N. C., 408; *Roulhac v. Brown,* 87 N. C., 1. On the principal question, while it is recognized, as contended by defendant, that when an attachment has been issued it must be followed by service of the summons, personally or by publication (*Finch v. Slater,* 152 N. C., 155), we concur in the view of his Honor, that where property has been levied on under the writ, a bond given by defendants in discharge of the attachment as provided by the statute will be considered equivalent to a personal appearance in the action and a waiver of the requirement for further service of the summons. It amounts to a voluntary submission of defendant's cause to the jurisdiction of the court. This is stated for law in Drake on Attachments, sec. 332; and in Shinn on Attachments, sec. 288, the author says that it has been so held in courts where the question had been presented. The cases referred to by these authors are in full support of their statements. *Blyler v. Kline,* 64 Pa. St., 130; *Richard v. Mooney,* 39 Miss., 357; *Cheatam v. Morrison,* 37 S. C., 187. While this ruling may be departed from or modified in some jurisdictions, owing to varying provisions of their statutes controlling the subject, the Legislature in this State, Revisal, secs. 774 and 775, clearly contemplates that a bond given by defendant in discharge of the writ shall only be received after a general appearance entered. The very form of the bond given by defendant and sureties pursuant to our statute would seem to justify such a position, the instrument signed by defendants and their sureties stipulating that if the property levied on be delivered to defendants they will return the property, "provided said plaintiffs recover judgment in the action," and pay all costs awarded against them, and in default thereof, will pay to plaintiffs the value of said property and all costs and damages that may be awarded against them in the action.

We find no error in his Honor's ruling, and the judgment below is

Affirmed.