### L. L. WINDER v. NICHOLAS D. PENNIMAN

(Filed 23 February, 1921.)

**Courts—Jurisdiction—Process—Nonresidents—Witnesses—Attachment— Replevy Bond.**

> A nonresident who comes into this State for the sole purpose of prosecuting his action in our courts and acting as a witness in his own behalf, is not subject to civil process, allowing him a reasonable time for coming and going, nor does he voluntarily submit to the jurisdiction of our courts by merely giving a replevy bond in proceedings for his personal baggage which was attached while he was here on that business.

APPEAL by defendant from *Allen, J.*, at January Term, 1921, of PASQUOTANK.

The defendant was a resident of Maryland, and came to Elizabeth City on 11 February, 1920, to prosecute an action brought by him against Winder, and also as witness in said case, and it is found as a fact that he came for no other purpose; that a few minutes after the case against Winder was determined, on said 11 February, 1920, the plaintiff in this action (the defendant in that) had a warrant of attachment served upon the property of plaintiff, which was found by the court to consist of a suit-case and hand-bag containing his wearing apparel, a ledger, an order book, and sales book, which he had brought for use as evidence in the trial of said case against Winder. This attachment was served by the sheriff on the night of 11 February, about 10 o'clock, the plaintiff intending to take an early train at 6:30 the next morning for Norfolk, his most direct route home; he had arrived in Elizabeth City on the day before for the sole purpose of said trial, which

was completed on that day, and intended to leave on the next morning. After the attachment was served on his personal baggage, the defendant filed a replevin bond for return of the attached property, but not for the discharge of the attachment, and made no motion to set it aside.

Thereafter, 13 February, the defendant appeared specially by counsel, who moved to strike out the return of the sheriff, to set aside the attachment, and discharge the property seized thereunder, and to dismiss the action. This motion was refused, and on appeal to the judge the judgment of the clerk was affirmed, and the defendant's motion denied. Appeal by defendant.

*Meekins & McMullan and Thompson & Wilson for plaintiff.*
*Aydlett & Simpson for defendant.*

CLARK, C. J. "A summons under civil process cannot be served upon nonresidents who come into this State for the sole purpose of attending to litigation, either as suitor or witness. Such rule is based upon high considerations of public policy and not upon statutory law, since it is to the best interests of the public that suitors and witnesses from other states, who cannot be compelled to attend court here, may not be deterred from voluntarily appearing. The exemption of nonresident suitors or witnesses from service of civil process while attending courts in this State covers the time of their coming, their stay, and a reasonable time for returning." *Cooper v. Wyman,* 122 N. C., 784, where the subject is fully discussed; also *Brown v. Taylor,* 174 N. C., 423.

It is admitted that the defendant, a nonresident, was protected from service while in the State to attend the trial of his action, and for a reasonable time before and after the trial, and that he was preparing to leave immediately after the termination of his cause. But it is contended that he waived his exemption by giving a bond for the release of his property, and for this the plaintiff relies upon *Mitchell v. Lumber Co.,* 169 N. C., 397. We think this case differs from that. In the *Mitchell case* the defendant had property in this State which was not exempt from attachment, and which the defendant had a right to attach, whether the defendant was in the State or not. Therefore, when the defendant came in, gave bond, and secured the release of his property, which was rightfully attached, he submitted himself to the jurisdiction of the court, but here the undertaking was only a replevin bond, and did not ask the release of the attachment as to any other property of the defendant which might be found in this State, and does not bind the principal and his surety to pay any judgment which may be recovered in the action. It is merely an engagement to redeliver the attached property, or pay the value thereof, to the sheriff to whom execution

upon any judgment obtained by the plaintiff might be issued and the order authorized the sheriff to surrender the possession of this property to the defendant, but did not dissolve the attachment nor withdraw the property from the lien thereon.

Clearly, therefore, it has not the same effect as a bail bond or an undertaking for the discharge of the attachment. It does not release the lien of the attachment, nor stand in the place of the attached property, and hence the giving of such an undertaking is not an acknowledgment of the jurisdiction of the court, or the validity of the attachment. This view is clearly discussed and stated in *Winter v. Packing Co.,* 51 Oregon, 97; 4 Corpus Juris, 1331, and other cases in the notes thereto.

The law to this purport is clearly stated and ably discussed in *Larned v. Griffin,* 12 Fed., 590, which has been cited with approval in *S. c.,* 28 Fed., 302, 652; 68 do., 441; 73 do., 740; 177 do., 547; 201 do., 1018; 30 Abb. (N. C.), 63; 3 Alaska, 303; 5 do., 88; 61 Ark., 508; 3 Boyce (Del.), 34; *S. c.,* 51 L. R. A. (N. S.), 1132; 6 do., 273; 46 D. C. App., 228; 83 Ga., 291; 21 Ill. App., 112; 51 Kans., 222; 73 Mich., 546; 125 do., 290; *S. c.,* 52 L. R. A., 192; 37 Minn., 468; 111 Mo., 441; 35 Mo. App., 303; 21 Nebraska, 458; 68 N. H., 314; 74 do., 506; 71 do., 214, 215; 136 N. Y., 589; *S. c.,* 20 L. R. A., 46; 46 Okla., 633; *S. c.,* L. R. A., 1916, E. 1172; 17 R. I., 716; *S. c.,* 19 L. R. A., 562; 35 do., 68; 120 Tenn., 343; 87 Wis., 292; 101 do., 432.

The defendant in the principal case cited, as in this, was attending court trial, and was there for no other purpose. He was sued and arrested in a civil suit, gave bond, and was released, and the Court held that giving the bond was not a submission to the jurisdiction of the court.

This case also differs from *Mills v. R. R.,* 119 N. C., 693, where a nonresident defendant came in and entered a general appearance and filed an answer to the merits, which was clearly a submission to the jurisdiction. In this case the defendant denied the right of the plaintiff to serve civil process upon him, and although he gave a replevin bond for the release of his personal effects illegally attached, he entered a special appearance before pleading to the action, and moved to dismiss because he was entitled to the privilege of exemption.

In *Hilton v. Can Co.,* 103 Va., 255, the Court says: "It would be a strange construction to hold that a bond given by a debtor to release property from the operation of an attachment should have the effect of subjecting him to a personal judgment. Every nonresident debtor, if this were so, would be in the dilemma of waiving the right to release the attached property by executing a bond, which would thus subject him to a personal judgment. The property levied on might (as in this

case) be of small value as compared to the amount in controversy, but if the principle contended for be true, the penalty of its release by the execution of a bond would be a submission to the jurisdiction of the court." This will appear most strikingly if instead of an attachment of his personal effects, the person of the defendant had been arrested, and he had given bond for his release that he might return home, or to avoid remaining in jail, until a motion for his release could have been made and argued by counsel.

In 2 R. C. L., p. 875, it is held that, in a majority of the states, by an appearance and pleading to the merits a defendant will be estopped from moving to quash the writ, but he would not be estopped by merely giving bond to release the attached property.

In notes to *Butcher v. Leather Co.*, 12 Anno. Cas., 170, is set out a diversity of decisions as to the effect of giving a statutory bond to dissolve an attachment. In the following states it is held that giving such bond does not bar a motion to quash, *i. e.*, Arkansas, California, Georgia, Idaho, Indiana, Louisiana, New York, Ohio, and South Carolina. In some states the giving of a bond is held to release the attachment, and a motion to quash is unnecessary, and in others it is held that a bond is a waiver of a motion to quash, but an examination of these latter cases will show that the statutory bond, unlike the bond in this case, was to pay any judgment that might be obtained. Here the bond is, as already stated, merely a replevin bond to secure the release of the personal effects of the defendant, and is in no wise an acknowledgment of the validity of the attachment, and therefore is not a submission to the jurisdiction of the court, which does not follow except when the attachment of property is valid, and such appearance renders the defendant liable to a personal judgment.

If the defendant was exempt, as is unquestioned, from the service of summons, then his books, which were brought to be used as evidence in the case, and his necessary personal effects, such as clothing and the like, were exempt from attachment, because it was necessary for him to have them in attending the trial.

If this were not so, then the privilege would be nugatory. It could not be expected that the defendant would come from his home in Maryland to attend a trial in Elizabeth City without the necessary underclothing and toilet articles for his use. If not entitled to this, then, in the language used by a member of Congress, as set out in the Congressional Record, which therefore must be of sufficient dignity to be used here, a witness or a suitor from another State would be forced to come in light marching order, for as said in the above speech, he would be

"Like the poor benighted Hindoo,
Who does the best he kin do,
And for clothes he makes his skin do."

We do not expect to reduce the exemption privilege of parties attending courts in this State from abroad to this limitation.

An appeal from a refusal to dismiss an action is not appealable, but "our decisions are to the effect that the refusal to dismiss a warrant of attachment is an appealable order, and unless appealed from, the questions involved become res judicata." Hoke, J., in Mitchell v. Lumber Co., 169 N. C., 397, citing Judd v. Mining Co., 120 N. C., 397, and other cases.

Defendant was entitled to have the attachment and the action based thereon dismissed.

Reversed.