BRANCH & POPE *v.* FRANK & ADLER.

*Attachment—Affidavit for, and Proceedings in.*

1. It is not necessary that the affidavit upon which an attachment is sought should state either that the court has jurisdiction of the subject matter of the action, or that the defendant has property in this state.

2. It is error to discharge an attachment, granted as ancillary to an action, because of the insufficiency of the affidavit to obtain service of the summons by publication, for it is possible that the defect may be cured by amendment.

MOTION to vacate an Order of Attachment heard at Spring Term, 1879, of HALIFAX Superior Court, before *Eure, J.*

The affidavit of plaintiffs upon which the order of attachment was issued is substantially as follows:

1. That the plaintiffs are partners doing business in Enfield, N. C., and the defendants, in Baltimore.

2. That on or about the 13th of September, 1878, plaintiffs bought of defendants goods to the amount of seven hundred dollars, in the city of Baltimore, for sale by plaintiffs in Enfield.

3. That defendants then agreed to forward the goods without delay, but disregarding their promise, they failed and refused to forward the same till about the 25th of September, 1878; and by reason of the delay the plaintiffs were injured and wrongfully delayed in reselling the goods, by which they sustained damage to the amount of two hundred and fifty dollars.

4. That by reason thereof, the plaintiffs were injured in their credit and good standing as merchants to the amount of two hundred dollars, and they believe they are entitled to said sum.

5. That plaintiffs have commenced an action in this cause

by issuing a summons against defendants upon the cause of action above stated.

6. That defendants are non-residents of this state, and cannot after due diligence be found within this state, and have property therein, as plaintiffs are informed, consisting of a debt due or shortly to be due them from one L. A. Farinholt, in Weldon.

7. That plaintiffs are informed and believe that a cause of action exists in their favor against the defendants by reason of the wrongful act complained of.

The grounds of the motion to vacate, which was granted by the court below, are set out in the opinion. Appeal by plaintiffs.

*Messrs. W. H. Day* and *John A. Moore,* for plaintiffs:

Commented upon section 201 of the code, and cited *Wheeler* v. *Cobb,* 75 N. C., 21; *Paige* v. *Price,* 78 N. C., 10; *Grant* v. *Burgwyn,* 79 N. C., 513.

*Mr. Thomas N. Hill,* for defendants:

The affidavit is defective, *Ex Parte Haynes,* 18 Wend., 611; *Smith* v. *Luce,* 14 Wend., 637; 5 Hill, 611; 6 Wheat, 119; 7 Blachf., 12; 3 How. Pr., 109. Statute must be strictly complied with in proceedings which subject property to seizure and sale without personal service of process on owner. The question whether service has been properly served is one of jurisdiction and not of regularity. *Bank* v. *Wilson,* 80 N. C., 200; 16 How., 144; C. C. P., § 90. Statute must be strictly complied with when service of summons is by publication. *Wheeler* v. *Cobb,* 75 N. C., 21; *Windley* v. *Bradway,* 77 N. C., 333; *Spiers* v. *Halstead,* 71 N. C., 209.

ASHE, J. This was a motion to vacate an attachment. The motion was based upon two grounds; first, that the af-

fidavit for the attachment did not state "that the court has jurisdiction of the subject matter of the action;" second, "that it did not state positively that the defendants had property in the state, but stated that the defendants had property therein, as plaintiffs are informed and believe, consisting of a debt due or shortly to be due them by L. A. Farinholt in Weldon."

It seems that the court below fell into the error of confounding the requisites of the affidavit for service of summons by publication with those for obtaining a warrant of attachment, the first as prescribed in section 83 of the code of civil procedure, and the latter in section 201, and are quite different. By section 201 it is provided the warrant of attachment may be issued whenever it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the grounds thereof, and that defendant is a foreign corporation, or not a resident of this state. The affidavit in this case so far as relates to the obtaining the warrant of attachment, comes fully up to the requirements of the law—the second, third and fourth paragraphs set forth the fact that a cause of action exists against the defendants, and state with sufficient precision the amount and grounds thereof; and the sixth states that the defendants are non-residents of the state. This is all that is needful to obtain the warrant. There is no provision in this section that requires the statement "that the court has jurisdiction of the subject matter of the action, nor that the defendant has property in this state."

The error assigned is for not dismissing the action for want of a legal service of the process. We have nothing to do here with that question. No such order was made in the court below. The action is still pending in the superior court of Halifax county. And the only question for our consideration is whether the affidavit was sufficient for obtaining the warrant of attachment.

The attachment under the code is a " provisional remedy and is always ancillary to an action commenced by summons, its proceedings are not jurisdictional, and any errors committed are capable of being amended." 1 Tiffany and Smith, 315. It is commenced by summons, and may be issued at any time, with the summons or afterwards; and its object is to secure the property of the defendant for the satisfaction of such judgment as the plaintiff may recover against him. If the proceedings for obtaining the warrant are regular, the property seized by virtue of its exigence must be held *in custodia legis* until the action to which it is ancillary shall be determined. In this case the action is still pending. The affidavit to obtain the warrant was sufficient. It was error to vacate the attachment before judgment, however defective the affidavit may be, for the purpose of having service of the summons by publication, for it is possible that may be amended. There is error. Let this be certified, &c.

Error.                                                               Reversed.