DOLLY G. PRICE by her next friend, &c., v. JOSEPH C. COX.

*Attachment—Does Not Lie in Actions For " Breach of Promise "—Service by Publication.*

1. The remedy by attachment is confined to actions upon contracts in which the amount to which the plaintiff is entitled can be specified in his affidavit and can be ascertained by some certain measure of damages, and hence does not lie in an action for breach of promise of marriage.

2. It seems that a defective service by publication may rightfully be remedied by an order for republication.

(*White* v. *Snow*, 71 N. C., 232, cited and approved.)

MOTION to vacate an order of attachment heard at Spring Term, 1880, of HENDERSON Superior Court, before *Schenck, J.*

The action in which this motion is made was instituted by the plaintiff to recover damages for an alleged breach of promise to marry. It appearing by affidavit that the defendant is a non-resident and has property in this state, and that a good cause of action exists against him, the clerk of

the court granted on order of attachment, and thereupon
the defendant entered a special appearance and moved the
judge to vacate the same upon the ground, first, that an
attachment does not lie for a breach of promise to marry;
secondly, that the affidavit is insufficient in not complying
with the requirements of law in such cases; thirdly, that
the warrant was returnable before the clerk at his office.
His Honor overruled the first and second objections, and
allowed the plaintiff to amend the warrant so as to make it
returnable before the judge in term time. The defendant
further excepted to the order for publication of the sum-
mons and the affidavit on which it was based, and the court
held that the plaintiff might have leave to make re-publi-
cation, and that the attachment should be continued. From
which ruling the defendant appealed.

*Messrs. W. W. Jones* and *Armistead Jones,* for plaintiff.
*Messrs. Shipp & Bailey,* for defendant.

SMITH, C. J. At the time of issuing the summons or at
any time afterwards, the plaintiff may sue out an attach-
ment against the property of a non-resident defendant " in
an action arising on contract for the recovery of money
only, or in an action for the wrongful conversion of per-
sonal property." C. C. P., § 197.

Is an action brought to recover damages for the breach
of a promise to marry within the meaning of this section
of the code? This is the enquiry presented for solution in
the present appeal.

The words are sufficiently comprehensive to embrace
every action upon a contract, since its object is the recovery
of money, either in a specified sum or as compensatory
damages for its violation. In a more restricted sense the
action may be for the recovery of money as distinguished
from damages uncertain in amount. In support of an in-

termediate interpretation which confines the ancillary remedy of attachment to actions on contracts in which a definite sum is agreed to be paid or can be determined by a rule of law governing the assessment of damages, it will be noticed that the attachment is allowed in one species of tort only, and that where the measure of compensation for the wrong is the value of the property converted. It is given for no other injury to person or to property.

The same language is found in other parts of the code, as first adopted, a reference to which will aid in arriving at a correct understanding of its meaning. The summons in an action arising on contract for the recovery of money only is required to contain a notice " that the plaintiff will take judgment for a sum specified therein, if the defendant shall fail to answer the complaint within the time specified." Section 74.

So it is provided that upon such default " *in any action arising on contract for the recovery of money only,*" the clerk shall " enter judgment for the amount mentioned in the summons," if the complaint be verified by oath ; and if not, and the action is on an instrument for the payment of money only, he shall assess the amount due, and in other cases ascertain what sum the plaintiff is entitled to recover from his examination under oath or other proof and shall enter judgment accordingly. Section 217 (1).

In other actions " for the recovery of money only or of specific real or personal property with damages for the withholding thereof," a jury may be called in to ascertain the damages, or if the examination of a long account be involved, a reference may be ordered. Section 217 (2).

As this precise form of expression is contained in sections cited and must be understood as intended to bear the same meaning in each, it is obvious that an attachment can issue only in such actions upon contract as will admit of the plaintiff's specifying definitely the sum due him, and of the clerk's

entering final judgment without the intervention of a jury. It has been decided that where unliquidated damages are claimed for the breach of a contract, this cannot be done without a writ of enquiry of the damages. *White* v. *Snow*, 71 N. C., 232.

The changes made in the code by the act of 1870, (Bat. Rev., ch 18,) and the late act of 1877, (acts 1876–'77, ch. 241,) reducing the summons to one form in all cases, cannot avail to modify the construction of its parts as a single statute when introduced, in their relations to each other.

The present action is for damages wholly indefinite until fixed by a verdict, and incapable of being determined and stated by the plaintiff in her summons, or of being ascertained according to the settled practice of the courts by the clerk alone. The executory agreement to marry is a peculiar contract, exceptional in many of its features, and the executed contract of marriage may be dissolved by a state, without impairing the obligation of *contracts* guaranteed in the constitution of the United States, and at the same time it cannot be rescinded by the parties. The cause of action arising on it, unlike other contracts, except when revised by statute abate, it is said, by the death of the party, and when entered into between an adult and a minor and consisting of dependent promises, may be enforced by one only of the parties to it. It is in its essential features an action for the redress of a personal injury like one for defamation or an assault and battery, and we see no reason for admitting the process of attachment in the one case that does not apply with equal force to the others, nor for putting a construction upon the statute that allows it in any of them.

The entire subject is elaborately and ably discussed in the opinion delivered by the supreme court of New York, from which our code is derived, *mutatis mutandis*, in *Barnes* v. *Buck*, 1 Lans., 268, where the very point came up for decision. The result of the examination and the conclu-

sion reached are announced in these words: "This remedy (by attachment) is confined to actions upon contract, in which the *amount to which the plaintiff is entitled can be specified.*"

The rule of construction thus announced not in very precise terms, may often be of difficult application and the tracing of the line of separation between the two classes of contract equally so; yet as some force must be given to the qualifying superadded words, "for the recovery of money only," mere surplusage otherwise and meaningless, we know no better rule than that laid down by the court. The line may be distinctly marked as future cases occur and are placed on one or the other side. There can be no hesitancy however in assigning the present action to its proper place, and in our opinion the attachment could not rightfully issue in its aid.

This renders unnecessary the consideration of the exception to the irregularity of the return and the exercise of the power of amendment to remove the objection to the attachment, and we see no error in the ruling in regard to a new publication in order to making the defendant a party.

The motion to discharge the attachment and vacate the order improvidently granted for its issue ought to have been allowed and there is error in refusing it. This will be certified to the court below.

Error.                                          Reversed.