LUTHER SHELDON v. W. R. KIVETT.

*Attachment—Affidavit—Amendment—Appeal—Practice.*

1. An affidavit in attachment, against a non-resident, which fails to set out how the debt was due, and that defendant could not, after due diligence, be found in North Carolina, is defective.

2. Such defect may be cured by amendment in the Superior Court, in the discretion of the Judge, though the proceedings were commenced before a Justice of the Peace. The practice with regard to amendments is more liberal when proceedings were begun in such Courts.

3. No appeal lies from an order allowing such amendment, but does lie from an order refusing to dismiss the attachment.

4. No appeal lies from an order dismissing an action.

5. An affidavit in attachment if made by an agent need not state why it is not made by the principal.

APPEAL from *Winston, J.,* at July Term, 1891, of GRANVILLE Superior Court.

This action was commenced by summons issued by a Justice of the Peace on the 25th of April, 1891. Upon the return of summons by the Sheriff—"The within defendant not to be found in my county; resident of Texas"—the plaintiff gave the undertaking set out in the record, and sued out a warrant of attachment and obtained the order of publication of the affidavit, of which the following is a copy, to-wit (with the omission of the words in italics, which were subsequently added by amendment in the Superior Court) "A. W. Graham, attorney for the plaintiff above-named, being duly sworn, deposes and says:

1. That the defendant W. R. Kivett is indebted to the plaintiff in the sum of two hundred dollars, *due by Justice's judgment.*

2. That the said defendant is not a resident of the State of North Carolina, *and after due diligence cannot be found in North Carolina,* and has money, things of value and

property in this State, and that he has a judgment to the amount of one hundred and twenty-five dollars against B. H. Cozart, recovered at April Term, 1891, of Granville Superior Court. (Signed A. W. Graham, attorney and agent of Luther Sheldon.)"

The defendant, appearing specially before the magistrate, moved " to vacate the warrant of attachment for irregularity and insufficiency in the proof, pleadings and affidavit upon which said warrant of attachment was granted."

This motion was denied on the ground that no irregularity or insufficiency was pointed out in the motion or by the counsel.

The cause coming on to be heard, and the plaintiff having proved his claim, and the publication of the attachment and of the summons, and the order of publication also being duly proved, and the defendant not appearing, either in person or by attorneys, upon motion of A. A. Hicks and A. W. Graham, plaintiff's attorneys, it was ordered that the plaintiff recover of the defendant the sum of two hundred dollars, with interest thereon from the 27th day of December, 1887, until paid, and former costs, one dollar and seventy-five cents, and costs of this action, amounting to four dollars and sixty cents. And it was further ordered, that B. H. Cozart pay to plaintiff Luther Sheldon the sum of one hundred and twenty-five dollars, and interest thereon, as recovered by judgment in favor of the defendant Kivett against said Cozart at April Term, 1891, of said Superior Court of Granville County, and heretofore, to-wit, on the 27th day of April, 1891, in these proceedings condemned to the payment of the judgment that might be recovered in this action. And said B. H. Cozart was ordered to pay said sum recovered by judgment aforesaid in favor of the said Kivett to the plaintiff in this action, and no other person.

From this judgment the defendant appealed.

In the Superior Court at the July Term, 1891, the defendant moved the Court to dismiss and vacate the warrant of attachment because of irregularity in the process, pleadings and affidavit upon which said warrant of attachment was granted and issued.   Motion denied; defendant excepted.

Plaintiff then moved the Court to be allowed to amend his affidavit.   Motion granted, and the affidavit was amended by inserting the words above set out in italics.   The defendant excepted.

From these rulings and orders, refusing to dismiss and vacate the warrant of attachment and allowing the plaintiff to amend his affidavit as aforesaid, the defendant appealed.

*Mr. A. W. Graham,* for plaintiff.
*Mr. L. C. Edwards* (by brief), for defendant.

CLARK, J.: The original affidavit was defective in the particulars in which it was amended.   *Faulk* v. *Smith,* 84 N. C., 501.   But it is settled that it could be amended by leave of the Court, granted in its discretion, even though the first affidavit were wholly insufficient.   *Brown* v. *Hawkins,* 65 N. C., 645; *Pope* v. *Frank,* 81 N. C., 180; *Bank* v. *Blossom,* 92 N. C., 695; *Penniman* v. *Daniel,* 93 N. C., 332; *Cushing* v. *Styron,* 104 N. C., 338.   In those cases the action began in the Superior Court.   For a stronger reason, the power of amendment existed here, where the action began, in a Magistrate's Court, in which the same regularity of procedure is not to be expected, and *The Code,* § 908, provides that in such cases the Court can amend "either in form or substance." *State* v. *Norman,* at this term; *Manufacturing Co.* v. *Barrett,* 95 N. C., 36.

In the affidavit by the agent, it is not required that the reasons why it was not made by the principal should be set out, as in the verification of pleadings.   *Bruff* v. *Stern,* 81 N. C., 183.   After the amendment of the affidavit in this

case, it was again sworn ta. *Bank* v. *Frankford,* 61 N. C., 199. After the warrant was issued, publication for four successive weeks at the court-house and four other public places was made, as required by *The Code,* § 350.

From the leave to amend, no appeal lay. *Lippard* v. *Roseman,* 72 N. C., 427; *Henry* v. *Cannon,* 86 N. C., 24; *Wiggins* v. *McCoy,* 87 N. C., 499; *Jarrett* v. *Gibbs,* 107 N. C., 303. But the refusal of the motion to dismiss the attachment affects a substantial right, and from it, as from the refusal of a motion to vacate an order of arrest, an appeal lies. *Roulhac* v. *Brown,* 87 N. C., 1. It would not lie from a refusal to dismiss an action, since there an exception should be noted and the ruling brought up for review on appeal from the final judgment, if it is against the defendant. *Plemmons* v. *Imp. Co.,* 108 N. C., 614; *Guilford County* v. *Georgia Company,* 109 N. C., 310.

No error.