FRANCIS M. MULLEN v. THE NORFOLK AND NORTH CAROLINA CANAL COMPANY.

*Practice—Motion to Dismiss—Appeal—Amendment.*

1. An appeal does not lie from the refusal of a motion to dismiss an action upon the allegation of defective service, or on any other ground. When such motion is refused, the defendant should make his exception and cause it to be noted, and then proceed regularly to answer or demur.

2. Where the affidavit for publication of summons was defective, it was proper for the Judge to permit amendment and grant an *alias* order of publication instead of dismissing the action.

At the Fall Term, 1892, of CAMDEN Superior Court, before *Hoke, J.*, the defendant entered special appearance and moved to dismiss the action on the ground that the affidavit on which order of publication was based was defective.

The Court refused the motion and allowed the plaintiff to amend his affidavit and granted an *alias* order of publication. Defendant appealed.

*Messrs. Pruden & Vann* and *L. C. Latham,* for defendant (appellant).

No counsel *contra.*

CLARK, J.: The defendant, appearing by counsel who entered a special appearance, moved to dismiss the action. This motion was refused and the defendant did not enter its exception and proceed to answer, but at once appealed. It has been often pointed out that such an appeal is premature and will be dismissed. *Guilford* v. *Georgia Co.,* 109 N. C., 310; *Sheldon* v. *Kivett,* 110 N. C., 408, and other cases which are cited in Clark's Code (2d Ed.), p. 559. If a defendant, by simply appearing specially and moving to dismiss the action upon the allegation of defective service, or on any other ground, can appeal from a refusal of the motion, it will add several months to the time required for the disposition of any cause which the defendant may wish to delay, and we know that a delay of justice is often a denial of justice. The presumption is always that the ruling below is correct. The proper course, therefore, when the motion to dismiss has been refused, is for the defendant to cause his exception to be noted in the record and to proceed regularly to file his answer or demurrer. If the final decision below is in favor of the defendant, he will not desire to appeal; if it is against him, his exception in the record for refusal to dismiss is not waived, and he will have the benefit of it on the appeal from the final judgment. The disadvantage, if any, is not with the appellant but with the appellee, since, if he wrongfully insists on the refusal of such motion, instead of

taking an amendment or *alias* summons, he will have his pains for his trouble and have the costs to pay besides.

If the affidavit for publication was defective, the Court properly refused to dismiss on that ground and granted leave to plaintiff to amend the affidavit and for an *alias* order of publication. *Branch* v. *Frank*, 81 N. C., 180; *Price* v. *Cox*, 83 N. C., 261. Besides, an appeal from the amendment did not lie. *Sinclair* v. *Railroad*, 111 N. C., 507.

Appeal Dismissed.