W. A. FINCH ET AL. v. MILLARD SLATER ET AL.

(Filed 9 March, 1910.)

1. **Attachment—Motion to Vacate Refused—Appeal and Error—Procedure.**

    Upon the refusal of the trial court, on special appearance, to grant a motion to vacate an attachment on property for defects in the affidavit, and because of no service of process, an appeal will lie.

2. **Attachment—Affidavit Defective—Motion to Vacate—Procedure.**

    An affidavit for the issuance of a warrant of attachment is fatally defective when merely alleging that defendant is about to remove some of his property from the State, with intent to defraud, etc,. without stating the grounds upon which the belief is based, and which does not definitely and distinctly state any fact which would entitle the plaintiff to this process.

3. Attachment—Process—Summons—Service—Motion to Vacate—
   Procedure.

> The summons in the suit must be served either personally or
> by publication to entitle the plaintiff to a warrant of attach-
> ment against the defendant's property; and when this has not
> been done within the proper time a motion to vacate should
> be allowed in the lower court. The court may extend the time
> for serving the summons in its discretion.

APPEAL by defendants from the refusal of *Cooke, J.,* at No-
vember Term, 1909, of WILSON, to allow defendants' motion to
vacate an attachment on their property.

No counsel for plaintiff.
*Daniel & Swindell* and *J. A. Farmer* for defendant.

WALKER, J. This action was brought for the recovery of
$500, alleged to be due by the defendant, Millard Slater, to the
plaintiffs. A warrant of attachment was issued and levied
upon a fund in the hands of W. D. P. Sharp, sheriff. The de-
fendant, through his counsel, entered a special appearance and
moved to dismiss the attachment because of defects in the affi-
davit and, further, because there had been no service of process,
either personally or by publication. The court refused to vacate
the attachment, and the defendant excepted and appealed.

It has been settled by decisions of this Court that an appeal
will lie in such a case. *Sheldon v. Kivett,* 110 N. C., 408; *Fer-
tilizer Co. v. Grubbs,* 114 N. C., 470; *Judd v. Mining Co.,* 120
N. C., 397; *Warlick v. Reynolds,* 151 N. C., 606.

The affidavit upon which the warrant of attachment issued is
fatally defective in several respects. It alleges that the defend-
ant is about to remove some of his property from the State with
intent to defraud his creditors, without stating grounds upon
which this belief is based, and that he is now in the State of
Georgia. The affidavit is also defective in that it does not
definitely and distinctly state any fact which would entitle the
plaintiff to a warrant of attachment. *Judd v. Mining Co.,
supra.*

It also appears that the defendant has not been served with
the summons, either personally or by publication, and no effort
seems to have been made by the plaintiffs to bring him before
the court by service of process in any form. Our statute re-
quires that publication of the attachment should be made unless
the defendant can be personally served with process, and a fail-
ure to make such service, either personally or by publication,
entitles the defendant to have the warrant of attachment vacated.

Revisal, section 766. There are other serious defects in the proceeding, and we think the court erred in not vacating the attachment.

The defendants also moved to dismiss the action because of the failure of the plaintiff to file his complaint or to give a suf-. ficient undertaking for their cost of the suit, in the event that they failed to recover in the action. There are so many irregularities besides those mentioned, that we think the court may well have dismissed the action, which it refused to do; but perhaps those defects in the action itself may be remedied in the court below, upon motion. All that we decide is that the court erred in refusing to vacate the attachment upon the defendant's motion, and in this respect, and to this extent, the ruling of the court below is reversed.

Error.