SADIE MILLS v. W. E. HANSEL.

(Filed 22 April, 1915.)

1. Attachment — Summons—Returnable Thirty Days—Justices' Courts—Interpretation of Statutes.

In attachment and publication on a nonresident defendant before a justice of the peace, where defendant's property within the jurisdiction of the court has been levied on, a summons is not required; and therefore the requirements of Revisal, sec. 1445, that the summons must be made returnable not more than thirty days after its issuance is inapplicable.

2. Same—Court's Jurisdiction—Republication.

The court acquires jurisdiction of an action by attachment upon the property of a nonresident defendant within its jurisdiction, and the action should not be dismissed because summons by publication was not ordered within thirty days after the issuance of the warrant, it being within the authority of the court, having acquired jurisdiction, to order a republication, which should be done in order that the plaintiff may not be deprived of his remedy should the defendant remove his property from the State.

3. Same—After Thirty Days.

When personal service of summons in attachment cannot be made for the absence from the court's jurisdiction of a nonresident defendant having property therein, publication of summons is sufficient if made after the expiration of thirty days after service of attachment—in this case, one day thereafter—computed from the time of granting the attachment. Revisal, sec. 762.

4. Waiver—Special Appearance—Grounds Stated.

Where a defendant enters a special appearance for the purpose of moving to dismiss an action, and states his ground therefor, and upon his motion being denied appears and answers to the merits of the cause, he will be deemed to have waived all other objections than those set out in his special appearance.

APPEAL by plaintiff from *Lane, J.,* at November Term, 1914, of ANSON.

*Walter E. Brock and Lockhart & Dunlap for plaintiff.*
*Coxe & Taylor for defendant.*

CLARK, C. J. This is an action by plaintiff for $50 due her for services as stenographer to the defendant and $5 in stamps used on his correspondence. The summons was issued by a justice of the peace 10 July, 1911, returnable 9 September. The defendant having left the State, service was had by attaching property of the defendant ($75 in money) and publication of notice. At the trial before the justice the defendant entered a special appearance and moved to dismiss the action because it appeared the summons was returnable more than thirty days from the issuance of the same. Rev., 1445. This was overruled. The defendant then moved that the attachment be dismissed because the affidavit did not set forth grounds of belief that defendant had left the State in order to defraud the plaintiff. Motion overruled. The defendant then denied the debt, but upon the evidence the justice rendered judgment in favor of the plaintiff for $55 and interest from 28 June, 1911, and for costs. The defendant appealed.

On the trial in the Superior Court the defendant entered a special appearance and moved to dismiss the action because the summons issued by the justice was made returnable more than thirty days thereafter, to-wit, on 9 September, 1911, and further because the warrant of attachment was issued 10 July, 1911, but the order of publication of summons was not obtained till 10 August, 1911, being more than thirty days after the warrant of attachment was obtained. The motion to dismiss was allowed, and the plaintiff appealed.

The motion to dismiss because the summons was made returnable more than thirty days after its issue (Rev., 1445), should have been denied, because where the service is by attachment of property and publication no summons is required. *Best v. Mortgage Co.,* 128 N. C., 352, cited and affirmed by *Walker, J.; Grocery Co. v. Bag Co.,* 142 N. C., 174; and by *Allen, J., Currie v. Mining Co.,* 157 N. C., 217.

The defendant further moved to dismiss because the summons by publication was ordered 10 August, being one day more than thirty days after the issuance of the warrant of attachment on 10 July. This motion should have been denied. (1) The court acquired jurisdiction of the action by the service of the attachment upon the property of the defendant. If the notice was not duly served by the publication, it was "error to discharge an attachment granted as ancillary to an action because of the insufficiency of the affidavit to obtain service of the summons by publication, for it is possible that the defect may be cured by amendments." *Branch v. Frank,* 81 N. C., 180. The remedy is not to dismiss

the attachment, but by ordering a republication, for as the defendant is a nonresident, to dismiss the attachment may deprive the plaintiff of all remedy by the removal of the property before a new proceeding and attachment can be had. *Price v. Cox,* 83 N. C., 261; *Penniman v. Daniel,* 90 N. C., 159; *s. c.,* 93 N. C., 332. In *Finch v. Slater,* 152 N. C., 156, it is held that where the court has acquired jurisdiction by attachment of property, the time for serving summons by publication, when it has not been properly made, can be extended, in the discretion of the court.

(2) Revisal, 762, requires that personal service of the summons must be made "within thirty days after the attachment granted"; but when personal service cannot be had, the same section provides: "Upon the expiration of the same time, service of summons by publication must be commenced pursuant to an order obtained therefor, and if publication has been or is thereafter commenced, the service must be made complete by the continuance thereof." It will thus be seen that publication is not required to be made, like personal service of summons, *"within* thirty days after the attachment granted," but *upon expiration* of the thirty days; that means "after" the expiration of the thirty days, and this publication was begun on 10 August, the day after the expiration of the thirty days, and strictly conforms to the statute. Indeed, in *Currie v. Mining Co.,* 157 N. C., 217, the point seems to have been made that it was error to make the publication within the thirty days.

(3) At the return day of the summons and trial before the justice of the peace the defendant entered a special appearance on the two grounds which are above set out, but neither of them was upon this proposition that the publication of the summons was not begun in proper time. The objections made on the special appearance being overruled, the defendant then defended upon the merits. In doing so he waived all objections except those set out in the special appearance. The objection as to the publication of the summons not being one of them, that was waived, therefore, by the defense on the merits. *Cape Lookout Co. v. Gold,* 167 N. C., 65. Had the defendant made the point, at that time, of insufficient publication, the justice of the peace would doubtless have extended the time and ordered the republication, as he had authority to do. *Price v. Cox, supra,* and other cases above cited.

Of the two grounds urged before the justice of the peace only one was presented in the trial in the Superior Court, towit, that the summons was returnable more than thirty days after its issuance, which ground was properly overruled, as above stated. The only other ground presented in the Superior Court is that the publication of the summons was not begun within thirty days after the issuance of the warrant of attachment. This ground, also, for the reasons above stated, cannot be sustained. It was

made for the first time in the Superior Court at November Term, 1914, more than three years after the beginning of the action, when it should have been made, if at all, at the trial before the justice, with opportunity for him to order a republication, if indeed it was necessary to begin.such publication "within" thirty days, instead of "after the expiration" of said time. Rev., 762.

In dismissing the action and rendering judgment against the plaintiff there was error. The case must be tried on its merits.

Reversed.