W. H. JENETTE ET AL. v. HOVEY AND COMPANY ET AL.

(Filed 14 September, 1921.)

1. **Attachment— Nonresident— Notice— Service—Publication—Summons —Statutes.**

In proper instances, where civil actions are commenced and service is obtained by attachment of defendant's property and publication of a notice based upon the jurisdiction thus acquired, the issuance of a summons at the commencement of the action is unnecessary. C. S., 802.

2. **Same—Special Appearance—Motions—Court's Discretion.**

Where an affidavit, filed in an action wherein attachment is sought against the property of a nonresident within the jurisdiction of the court, is sufficient for the clerk to order service of the summons by publication, but service has not been ordered or made, and the cause has come up on defendant's special appearance and motion to dismiss on that ground, and pending the motion the plaintiff, upon an additional affidavit, without the knowledge of the judge, has obtained an order of publication from the clerk, it is within the sound discretion of the judge to permit the publication of the summons to be proceeded with, and deny the defendant's motion. C. S., 802, 806.

APPEAL by defendant from *Allen, J.,* at January Term, 1921, of PASQUOTANK.

Plaintiffs, citizens of this State, having a cause of action against Hovey & Company, a foreign-resident corporation, for an alleged breach

of contract, instituted this suit in the Superior Court of Pasquotank County and sought to obtain service upon the defendant by attaching the proceeds of a certain draft in the hands of the First and Citizens National Bank of Elizabeth City, N. C., said funds presumably belonging to the defendant. Summons was issued 28 January, 1920, and duly served on the garnishee bank, but returned, on the day of its issuance, as to Hovey & Company, "not to be found in North Carolina." On the same day plaintiffs secured from the clerk of the Superior Court a warrant of attachment, after filing proper affidavit and giving bond as required by statute, and the sheriff duly levied upon the above mentioned funds, said to be the property of the defendant. The warrant of attachment was served immediately, and made returnable 17 February, 1920.

Thereafter, on 30 December, 1920, the Mars Hill Trust Company, a Maine corporation, was allowed to intervene and set up its claim of title to the proceeds of said draft. The funds were turned over to the intervener by order of court, upon the execution and filing of a good and sufficient bond "for the protection of all parties to this cause."

The plaintiffs' complaint and answer of the intervener, Mars Hill Trust Company, were filed on 27 December, 1920. The defendant, Hovey & Company, has not answered.

At the January Term, 1921, this cause being on the docket for trial, Hovey & Company, through its attorney, entered a special appearance and moved to dismiss the action and to vacate the attachment, alleging that no valid service of the summons or warrant of attachment had been made, by publication or otherwise, as required by law. While this motion was being heard before his Honor in the Superior Court, plaintiffs filed with the clerk an affidavit and obtained from him an order of publication, to which reference is made in the judgment of the court, as follows:

"Pending the determination of the motion of Hovey & Company on its special appearance, said motion not being determined the day it was made, an affidavit for publication was filed by plaintiffs and an order of publication was signed by the clerk of the Superior Court—said affidavit being also filed before the clerk—which affidavit and order appear in the record, to which reference is made, and publication was commenced as set forth in copy of notice appearing in the record.

"The said affidavit and order of the clerk and publication were made without the knowledge or approval of any parties to the action, other than plaintiff, and without the knowledge of the judge before whom the motion to dismiss was pending.

"It appearing to the court that at the time of the institution of the action an affidavit as set out in the record was filed in this cause, though

no order of publication was actually signed, the court, in its discretion, orders and permits the plaintiff to proceed with the publication pending the determination of this motion, in accordance with the order of the clerk made herein.

"It is further ordered that the motion of the defendant, Hovey & Company, upon its special appearance, to dismiss the action and vacate the attachment be and the same is hereby overruled."

The defendant, Hovey & Company, noted an exception and appealed.

*Ehringhaus & Small for plaintiffs.*
*W. A. Worth for defendant.*

STACY, J., after stating the case: This action was brought to recover damages for an alleged breach of contract growing out of an agreement on the part of the defendant, Hovey & Company, to deliver a certain quantity of seed Irish potatoes to the plaintiffs at Elizabeth City, N. C., during the month of January, 1920. The defendant, being a nonresident corporation and having no process agent in this State, could not be served personally with summons; hence, service was sought to be obtained by issuing a warrant of attachment and levying upon the proceeds of a draft in the hands of the First and Citizens National Bank of Elizabeth City, N. C., it being alleged that said funds belonged to Hovey & Company. The defendant, through its counsel, entered a special appearance, and, upon the facts as above stated, moved to dismiss the attachment for want of any service of process, alleging that none had been made, either personally or by publication.

From an adverse ruling on this motion, the defendant, Hovey & Company, excepted and immediately appealed, which it had a right to do under a number of decisions of this Court. *Finch v. Slater,* 152 N. C., 155, and *Warlick v. Reynolds,* 151 N. C., 606. The motion to dismiss the attachment affects a substantial right, and from the court's refusal to grant the same, a present appeal will lie. *Sheldon v. Kivett,* 110 N. C., 408; *Roulhac v. Brown,* 87 N. C., 1; *Judd v. Mining Co.,* 120 N. C., 397.

The appellant rests its case upon the ground that plaintiffs have failed to meet the requirements of the statute with respect to service of process as asked for and issued in this case.

In the first place, it should be noted that, in proper instances, where civil actions are commenced and service is obtained by attachment of defendant's property and publication of a notice based upon the jurisdiction thus acquired, the issuance of a summons is unnecessary. *Mills v. Hansel,* 168 N. C., 651; *Armstrong v. Kinsell,* 164 N. C., 125; *Currie*

v. *Mining Co.,* 157 N. C., 217; *Grocery Co. v. Bag Co.,* 142 N. C., 174, and *Best v. Mortgage Co.,* 128 N. C., 351.

But it is urged that the law in this respect was declared to be otherwise in *Ditmore v. Goins,* 128 N. C., 325, and *McClure v. Fellows,* 131 N. C., 509, and so it was. It may be observed, however, that these cases were in direct conflict with the decision of the Court in *Best v. Mortgage Co.,* 128 N. C., 351; and, besides, *McClure's case* was expressly overruled in *Grocery Co. v. Bag Co.,* 142 N. C., 174, which of necessity overruled *Ditmore's case,* though not specifically mentioned therein. Therefore, both of these cases must now be considered or understood as having been overruled, and no longer are precedents. They have never been approved in any subsequent opinion; but, on the contrary, a different ruling has been announced and consistently followed.

We then come to consider whether plaintiffs have brought themselves within the statute providing for service by attachment and publication.

The affidavit filed at the institution of the action would have justified the clerk in signing an order of publication (*Luttrell v. Martin,* 112 N. C., 593, and *Branch v. Frank,* 81 N. C., 180), and his failure to do so at the time doubtless was due to an oversight or inadvertence on the part of plaintiffs. Nevertheless, the necessary order was not made until an additional affidavit was filed, nearly a year later, and after the defendant had entered a special appearance and moved to dismiss for want of publication, etc. The defendant contends that under C. S., 802, and the decision of this Court in *Bowman v. Ward,* 152 N. C., 602, the warrant of attachment in the instant case should have been vacated. While it is true the delay in obtaining the order of publication might well be characterized as unusual, and his Honor probably would have been justified in so holding, yet we think it was within his discretion to permit the publication to continue. The rights of all parties have been preserved, and none destroyed, by this ruling. A similar question was presented in the case of *Mills v. Hansel, supra,* where the present *Chief Justice,* speaking for a unanimous Court, said: "The court acquired jurisdiction of the action by the service of the attachment upon the property of the defendant. If the notice was not duly served by the publication, it was 'error to discharge an attachment granted as ancillary to an action because of the insufficiency of the affidavit to obtain service of the summons by publication, for it is possible that the defect may be cured by amendments.' *Branch v. Frank,* 81 N. C., 180. The remedy is not to dismiss the attachment, but by ordering a republication, for as the defendant is a nonresident, to dismiss the attachment may deprive the plaintiff of all remedy by the removal of the property before a new proceeding and attachment can be had," citing *Price v. Cox,* 83 N. C., 261; *Penniman v. Daniel,* 90 N. C., 159; *S. c.,* 93 N. C., 332.

C. S., 806, which bears more directly upon the question at issue, requires publication of the issuance of the attachment, unless the defendant can personally be served with process, and it has been held with us that a failure to make such service, either personally or by publication, entitles the defendant to have the attachment dismissed. But it has also been decided that the Court, in its discretion, may extend the time for ordering publication and service of such process. *Finch v. Slater, supra; Mills v. Hansel, supra,* and *Price v. Cox,* 83 N. C., 261.

Hence, upon authority, we think the ruling of his Honor, made in the exercise of his discretion, must be upheld. It is so ordered.

Affirmed.