THE FIDELITY AND CASUALTY COMPANY OF NEW YORK v.
T. A. GREEN ET AL.

(Filed 1 April, 1931.)

1. **Appeal and Error E h—Where there is no statement of case on appeal the Supreme Court is limited to correctness of judgment excepted to.**

   Where the record contains no statement of case on appeal the Supreme Court is limited to the consideration of the judgment, the appeal being an exception thereto.

2. **Process B b—Personal service on nonresident held not to be void for failure of affidavit as to residence of defendant.**

   Where the summons in an action has been returned by the proper process officer "defendant not to be found," etc., and thereon and from the verified pleadings of a party the location of the defendant is determined and personal service has been made, an exception to the validity of the service on the ground that the place of residence of defendant in another State was not made to appear by affidavit to the clerk prior to the mailing of the summons cannot be sustained, the provisions of the statute having been substantially complied with, C. S., 491, a different rule applying to C. S., 484, relating to service by publication where the defendant's rights may be lost through lack of knowledge and lapse of time.

**3. Appeal and Error B c—Where party whose interests are sought to be reviewed has not appealed, the question will not be considered.**

Where a nonresident defendant has been personally served with summons under the provisions of C. S., 491, and afterwards assigned all his rights and interests in the action, he is not a real party in interest in an appeal taken by his assignee in his name, and where the latter has taken no appeal his rights will not be determined therein.

CLARKSON, J., concurs in result.

APPEAL by T. A. Green from *Johnson, Special Judge,* at July Term, 1930, of NEW HANOVER.

Special proceeding under C. S., 2593, to determine ownership of surplus funds paid into office clerk Superior Court by trustee in foreclosure of deed of trust on real estate situate in New Hanover County.

Several years ago T. A. Green, a nonresident of the State, was the owner of a hotel in the city of Wilmington, which was encumbered by mortgage or deed of trust and other liens. Foreclosure was had under the first deed of trust, and a surplus of $3,035.39 paid into office clerk Superior Court by the trustee for distribution according to law. C. S., 2592. The plaintiff claims a lien on the surplus funds in the hands of the clerk, while the corporate and partnership defendants are unsecured creditors of the said T. A. Green.

The petition was filed herein and summons issued 31 January, 1930, which was duly served on all the defendants, except T. A. Green, who was not to be found in New Hanover County. In apt time verified answers were filed by the corporate and partnership defendants, and in the answer of the North-Smith Coal Company, filed 10 February, 1930, it was set forth that the said T. A. Green was not a resident of this State, but was a resident either of the State of Florida or of the State of South Carolina.

On 19 February, 1930, alias summons (though bearing date of the original) was issued by the clerk of the Superior Court of New Hanover County, accompanied by copy of the petition, to the sheriff of Spartanburg County, South Carolina, which was personally served on the defendant, T. A. Green, 11 March, 1930, and return made in form as provided by C. S., 491. No order for service of summons and petition by publication or personally in another State, was entered by the clerk prior to sending papers to the sheriff of Spartanburg County, South Carolina, nor was there any affidavit, other than answer of North-Smith Coal Company, before the clerk, setting out the defendant's place of residence.

Judgment by default was taken against the defendant, T. A. Green, for want of an answer, 30 June, 1930, as appears by the record.

Thereafter, on 12 July, 1930, the First National Bank of Spartanburg, S. C., entered a special appearance and moved to set aside the default

CASUALTY CO. *v.* GREEN.

judgment, entered against the defendant, T. A. Green, alleging that on 23 April, 1930, the said T. A. Green, for a recited sum of "one dollar and other valuable consideration," executed to the said bank an assignment of all his right, title and interest in and to the funds involved in this proceeding. This assignment was, on 8 May, 1930, registered in the office of the register of deeds of New Hanover County, and in it the said T. A. Green recites and declares himself to be a resident of the State of Florida.

On 16 July, 1930, the defendant, T. A. Green, entered a special appearance and moved to "quash the service of process in this case because not authorized by the laws of North Carolina."

The motions of T. A. Green and the First National Bank of Spartanburg were denied by the clerk, and this ruling was affirmed by the judge of the Superior Court.

The defendant, T. A. Green, appeals, assigning error.

*Ruark & Ruark for plaintiff.*
*Herbert McClammy and Rountree & Rountree for defendant, T. A. Green.*
*I. C. Wright for defendant, North-Smith Coal Company.*

STACY, C. J., after stating the case: The record contains no statement of case on appeal, hence we are limited to a consideration of the judgment, the appeal itself being an exception thereto. *Parker Co. v. Bank, ante,* 441.

The appellant rests his case upon the ground that the requirements of the statute, C. S., 491, providing for personal service on nonresidents in lieu of publication, have not been observed, in that, it is alleged, the place of residence of the nonresident defendant was not made to appear to the clerk by affidavit prior to his mailing copy of summons and petition to the sheriff of Spartanburg County, South Carolina, for service. But the clerk did have before him, at the time of issuing alias summons, not only the sheriff's return that the said T. A. Green was not to be found in New Hanover County, but also the verified answer of the North-Smith Coal Company to the effect that he was a nonresident of the State, and the summons issued to Spartanburg County, South Carolina, was personally served upon the defendant and due return made thereon.

Under circumstances quite similar to those disclosed by the present record, it was held in the case of *Vick v. Flournoy,* 147 N. C., 209, 60 S. E., 978, that the failure of the clerk to attach his seal to the papers before sending them into a distant State, while a requirement of the statute, C. S., 476, was not of the substance, and that the omission might

be supplied later. So here, the irregularity, if such it be, is not regarded as fatally defective, but may, in the discretion of the court, be supplied *nunc pro tunc*. To hold otherwise, we apprehend, would be to exalt the form over the substance. The nonresident defendant was fully apprised, not only of the time and place he was required to appear, but also of the nature and purpose of the action. The power of amendment or to cure a procedural defect, such as the one here suggested, is expressly recognized by a number of decisions. *Jenette v. Hovey,* 182 N. C., 30, 108 S. E., 301; *Mills v. Hansel,* 168 N. C., 651, 85 S. E., 17; *Sheldon v. Kivett,* 110 N. C., 408, 14 S. E., 970; *Branch v. Frank,* 81 N. C., 180.

Service by publication as authorized by C. S., 484, is quite different from personal service on a nonresident under C. S., 491, and so the requirements of the two are different. *Ratio legis est anima legis; mutata legis ratione, mutatur et lex.* Foundation for service under the former statute must be laid in strict compliance with its provisions, for the very good reason that when personal service is not had actual knowledge of the proceeding may come too late to avail the party whose property is sought to be taken. *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Spiers v. Halstead,* 71 N. C., 209. Whereas, under the latter statute, the nonresident is personally notified of the proceeding against his property.

Furthermore, it would seem that T. A. Green, the only appealing defendant, "sawed the limb off between himself and the tree," to quote the language of *Clark, C. J.,* in *Vaughan v. Davenport,* 157 N. C., 156, 72 S. E., 842; *S. c.,* 159 N. C., 369, 74 S. E., 967, so far as his right to litigate the matter is concerned, when he assigned all his right, title and interest in and to the funds in question to the First National Bank of Spartanburg. This was done after he was served with process and before he entered special appearance and moved to quash. It is provided by C. S., 446, that "Every action must be prosecuted in the name of the real party in interest," etc. *Chapman v. McLawhorn,* 150 N. C., 166, 63 S. E., 721.

Again, no notice of appeal was served on the North-Smith Coal Company, or the other defendants, and motion to affirm the judgment as to them must be allowed. *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713.

Affirmed.

Clarkson, J., concurs in result.