IN THE MATTER OF THE BANK OF WHITEVILLE.

(Filed 17 February, 1932.)

**1. Appeal and Error J b—In this case the appeal from the refusal to grant a continuance is dismissed.**

An appeal from the refusal to grant a continuance, which involves no question of law or legal inference, will be dismissed. C. S., 560.

**2. Appeal and Error E h—Where there is no statement of case on appeal the Supreme Court is limited to correctness of judgment appealed from.**

Where the record contains no statement of case on appeal the Supreme Court is limited to the consideration of the judgment, the appeal being considered an exception thereto.

APPEAL by W. H. Roberts *et al.,* from *Barnhill, J.,* at Chambers in Wilmington, 26 September, 1931. From COLUMBUS.

On 10 March, 1931, the Corporation Commission, acting through the chief State bank examiner, took possession of the Bank of Whiteville, a banking institution in Columbus County, for the purpose of liquidating it under authority of C. S., 218(c).

Thereafter, on 14 September, 1931, the Commissioner of Banks, who succeeded to the powers of the Corporation Commission, gave notice to all creditors, depositors and stockholders of the Bank of Whiteville that on 26 September, 1931, or as soon thereafter as counsel could be heard, he would apply to the resident judge of the district for an order authorizing and directing the Commissioner of Banks to sell and transfer certain receivables, the property of the Bank of Whiteville, at private sale, it appearing to the Commissioner that such would be to the interest of all concerned.

The resident judge not being able to hear the matter at the time set, transferred the same to be heard by the judge presiding in the district at Wilmington.

The appellants, depositors in the Bank of Whiteville, appeared before the presiding judge of the district at the time set and asked for additional time within which to prepare their defense to the petition. The court declined to postpone the hearing; whereupon the matter was heard and the petition allowed, the court finding that such action would increase the dividends to the depositors by at least 20 per cent.

The respondents appeal, assigning as error the order of the judge refusing to give them additional time within which to prepare their case.

*John D. Bellamy & Sons and Manning & Manning for appellants.*

*Varser, Lawrence, McIntyre & Henry for appellees, Smith and Mc-Kenzie.*

*Attorney-General Brummitt and Assistant Attorney-General Seawell for appellee, Commissioner of Banks.*

STACY, C. J. The granting or refusing a continuance, which involves no question of law or legal inference, is not subject to review on appeal. C. S., 560; *Dupree v. Insurance Co.,* 92 N. C., 418. Hence, following the course pursued in *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686, and *Bird v. Bradburn,* 131 N. C., 488, 42 S. E., 936, the appeal will be dismissed.

Furthermore, as the record contains no statement of case on appeal, we are limited to a consideration of the judgment, the appeal itself being regarded as an exception thereto. *Casualty Co. v. Green,* 200 N. C., 535, 157 S. E., 797. No reason appears on the face of the record proper for disturbing the judgment.

Appeal dismissed.