LEON SUSKIN v. MARYLAND TRUST COMPANY ET AL.

(Filed 13 April, 1938.)

**Process § 6—Order for publication without issuance of attachment held cured by later order for publication and warrant of attachment.**

> Service of process by publication was ordered without issuance of warrant of attachment, the notice of attachment being served on the garnishee two days later. Upon special appearance and motion to dismiss, a new order for publication of summons and warrant of attachment was issued upon the affidavit already filed. *Held:* The new order was permissible and cured the defects in the original order.

APPEAL by defendants from *Grady, J.,* at February Term, 1938, of CRAVEN.

Civil action for alleged wrongful conversion.

The plaintiff is a resident of Craven County. The defendants are executors and trustees of the estate of Louis B. Suskin, late of the city of Baltimore and State of Maryland. The action is for wrongful conversion of property by the said Louis B. Suskin during his lifetime.

Service of process is sought to be had by attachment of funds and property belonging to the defendants and situate in this State.

On 29 December, 1936, the plaintiff filed affidavit for publication of service which was ordered by the clerk, returnable 15 March, 1937. No warrant of attachment was then issued, but two days later notice of attachment was served on garnishee. The garnishee answered 18 January, 1937, saying that it owed the defendants $150.00 and they were the owners of 197 shares of its capital stock.

On 1 March, 1937, the defendants, through counsel, entered a special appearance and moved to dismiss for want of jurisdiction, alleging that the defendants had not been brought into court by any valid service of process.

Without presently passing upon the defendants' motion made upon special appearance, a new order for publication of summons and warrant of attachment was issued 9 March, 1937, returnable 26 April. Thereafter, on 17 April, 1937, the clerk denied the motion to dismiss. The defendants noted an exception and appealed to the judge.

A second motion to dismiss was filed by the defendants, still on special appearance, for that no valid service of process was obtained by the second order for publication of summons and warrant of attachment.

The motion was granted in favor of the defendants as executors and denied in their capacity as trustees. From this ruling the defendants appeal, assigning error.

*R. E. Whitehurst and L. I. Moore for plaintiff, appellee.*

*W. B. R. Guion for Trust Co. and Sydney R. Traub, trustees, estate of Louis B. Suskin, defendants, appellants.*

STACY, C. J. It may be conceded that when the defendants first appeared specially and moved to dismiss for want of any valid service of process, their position was perhaps well taken, no attachment having issued, *Winfree v. Bagley,* 102 N. C., 515, 9 S. E., 198, and had the matter rested there, a dismissal would have been in order. *Finch v. Slater,* 152 N. C., 155, 67 S. E., 264. However, without presently passing upon the defendants' motion to dismiss, a new order for publication of summons and warrant of attachment was issued upon the affidavit already filed. This was permissible under the decisions, *Rushing v. Ashcraft,* 211 N. C., 627, 191 S. E., 332, and it appears to have cured the original defects. *Jenette v. Hovey,* 182 N. C., 30, 108 S. E., 301; *Mills v. Hansel,* 168 N. C., 651, 85 S. E., 17.

The validity of the service of process is the only question presented by the appeal. *Denton v. Vassiliades,* 212 N. C., 513; *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175. Whether there was error in any other respect is not before us.

The record is not such as to require a disturbance of the judgment.

Affirmed.