### ANNA B. THRUSH v. W. E. THRUSH.

(Filed 17 April, 1957.)

**1. Actions § 10—**

A civil action is commenced by the issuance of summons or by the filing of affidavit that personal service is not intended to be made in this State. G.S. 1-88.

**2. Attachment § 1—**

A warrant of attachment provides a source from which any judgment obtained by plaintiff may be satisfied, and though warrant of attachment and levy pursuant thereto are not sufficient to institute action, when supplemented by the service of process in a manner prescribed by law, it also brings the defendant into court.

**3. Process § 5b—**

Personal service on a nonresident in this State while attending court as a party litigant is not void, but is merely voidable, and until he elects to claim his exemption under the statute, the service is binding. G.S. 8-68.

**4. Process § 6—Court may extend the time for service of summons by publication beyond thirty-one days after issuance of order of attachment.**

At the time of filing complaint, plaintiff filed an affidavit stating that defendant is a resident of this State, but claimed to be a resident of another state, and was about to remove his property from this State with intent to defraud creditors, etc. Writ of attachment was issued and personal service duly had on defendant. On the hearing of defendant's motion to dismiss upon special appearance heard more than a year later, the court found that defendant is a nonresident and was such at the time of personal service, and that personal service was had on him while he was in this State attending court as a party litigant. Thereupon the court vacated the personal service and extended the time for service of summons by publication. Defendant objected to the order on the ground that the statute makes it mandatory that publication begin not later than thirty-one days after the issuance of order of attachment. *Held:* The court had authority to extend the time for service by publication, the prior decisions to this effect not being altered by the 1947 amendment. G.S. 1-440.7.

**5. Attachment § 1—**

The court has discretionary power to permit a plaintiff to amend a defective affidavit upon which warrant of attachment was issued. G.S. 1-440.11(c).

APPEAL by defendant from *Bundy, J.,* November 1956 Civil Term of NEW HANOVER.

On 26 April 1955 plaintiff filed in the office of the clerk of the Superior Court of New Hanover her complaint against defendant, praying for damages resulting from slanders uttered in 1954 and 1955. At the same time plaintiff made and filed an affidavit in which she asserted that defendant is "a resident of the State of North Carolina, but claims he is a resident of the State of Florida (or) that the said W. E. Thrush is about to remove some of his property from the State, with intent to defraud his creditors, (or) has assigned, disposed of (or) secreted, (or) is about to assign, dispose of (or) secrete some of his property with intent to defraud his creditors." Bond, as required by the statute, was filed. Thereupon summons for defendant, writ of attachment against his property, and summons for Wilmington Savings & Trust Co. issued, directed to the sheriff of New Hanover County.

The summons and copy of the complaint were served on defendant in New Hanover County on 26 April 1955. The sheriff attached certain real estate in New Hanover and served the summons on Wilmington Savings & Trust Co. as garnishee.

On 28 April 1955 defendant entered a special appearance and moved to vacate the service of summons and warrant of attachment. In support of his motion he filed an affidavit in which he stated that on or about 19 January 1954 he had gone to Florida with the intention of becoming a resident thereof and was at the time of the filing of the affidavit a *bona fide* resident of Florida; that he had sold or obligated himself to sell all of his real estate in North Carolina; that the only reason for his presence in North Carolina when served with process was to attend court as a defendant in a civil action then pending in the Superior Court of New Hanover County.

Defendant's motion was heard by Judge Frizzelle on 3 May 1955. He signed an order reciting that by consent of the parties certain of the properties attached were released. His order concludes: "IT IS ALSO ORDERED that the garnishment against defendant's personal property, including money in hands of H. B. Meiselman and Wilmington Savings and Trust Company, is vacated and released. Otherwise to remain in effect as to Tract #20, Myrtle Grove Farms, recorded Book 279, page 587, Registry of New Hanover County."

The cause was heard by Judge Bundy on 29 November 1956 "upon a special appearance by the defendant and motion to vacate service of summons previously had in this cause, and motion to dismiss the attachment of the plaintiff, and also upon motion of the plaintiff for an extension of time in which to make service of summons upon the defendant by publication, and for leave to amend her affidavit to obtain attachment . . ." Judge Bundy found as a fact that there had been no publi-

cation of summons; that defendant, W. E. Thrush, was, at the time process was served on him, and still is, a resident of Florida; that when process was served on him, he was attending court in New Hanover County as a party in a matter then pending and being heard in the Superior Court of New Hanover County; that personal service of process could not be had on defendant in the State of North Carolina. Upon his findings he adjudged:

"1. That the personal service of summons in this action upon the defendant W. E. Thrush is hereby vacated and set aside, and declared to be void and of no effect.

"2. That the Court in its discretion hereby extends the time in which plaintiff may commence service of summons on the said W. E. Thrush by publication to and including the 5th day of December, 1956; and further orders that service of process in the above entitled action be made by publication as by law provided.

"3. That the affidavit of the plaintiff to obtain attachment is hereby amended so that the opening words in paragraph 3 thereof is stricken out as follows: 'That the said W. E. Thrush and is now as he is informed and believes a resident of the State of North Carolina, but claims he is a resident of the State of Florida (or),' and in place thereof is amended to read as follows: '3. That the said W. E. Thrush is now a resident of the State of Florida, and further'; and further that said amendment shall relate back *nunc pro tunc* to the date that such affidavit was made and the order of attachment entered."

Defendant excepted to the judgment and appealed.

*J. H. Ferguson and Aaron Goldberg for defendant appellant.*
*No counsel contra.*

RODMAN, J.  Plaintiff is not here represented by counsel. No suggestion is made that the consent order signed by Judge Frizzelle puts at rest the validity of the attachment and the service of process.

Defendant asserts that the judgment is erroneous for that personal service of process was ineffective because by public policy he was exempt from such service, and the statute, G.S. 1-440.7, is mandatory in its requirement that publication must begin not later than the thirty-first day after the issuance of the order of attachment; hence, Judge Bundy was without authority, more than eighteen months after the issuance of the warrant of attachment, to authorize the service of summons by publication.

A civil action is commenced by the issuance of summons or by the filing of an affidavit that personal service is not intended to be made in this State.  G.S. 1-88.

A warrant of attachment serves a dual purpose: It provides a source from which any judgment obtained by plaintiff may be satisfied, and, when supplemented by the service of process in the manner prescribed by law, brings the defendant into court so that the rights of the parties may be determined. *Mohn v. Cressey*, 193 N.C. 568, 137 S.E. 718; 4 Am. Jur. 564.

A warrant of attachment and a levy pursuant thereto is not sufficient to institute an action. The time within which the action must be instituted in attachment proceedings is prescribed by statute, G.S. 1-440.7.

The statute recognizes the three different methods which plaintiff may pursue in instituting an action and prescribes the time in each instance in which the process must be served.

Here there was strict compliance with the letter of the statute. Personal service in the State was contemplated and completed within thirty days. Defendant was a litigant, and if a nonresident, was accorded the privilege of claiming an exemption from service of civil process. G.S. 8-68; *Bangle v. Webb*, 220 N.C. 423, 17 S.E. 2d 613; *Winder v. Penniman*, 181 N.C. 7, 105 S.E. 884; *Cooper v. Wyman*, 122 N.C. 784. But the privilege was personal. The service was not void. It was merely voidable, and, until the defendant elected to exercise his privilege by claiming his exemption and establishing his nonresidence, the service was binding. *School v. Peirce*, 163 N.C. 429, 79 S.E. 687; *Cooper v. Wyman, supra*. Plaintiff, when the attachment issued, could not truthfully make the affidavit required for service of summons by publication, G.S. 1-98.4(a)(3), that defendant could not, "after due diligence, be found in the State."

The present statute dealing with attachment was enacted in 1947. It represents the work of the General Statutes Commission and neither makes, nor was intended to make, any radical change in the law then existing relating to attachments. It was intended primarily as a work of clarification incorporating in the statute the judicial interpretations of the existing statutes. See 25 N.C.L. Rev. 386.

The statute prior to 1947 required personal service within thirty days or, upon the expiration of that period, service of summons by publication. G.S. 1-444. The language of that statute is as mandatory as the language of G.S. 1-440.7. We find nothing to indicate that the Legislature of 1947 meant that our present statute dealing with the time within which process must be served should have a different meaning from that given to the statute then in existence. It was consistently held under the former statute that the court had a right to extend the time for service by publication. *Jenette v. Hovey*, 182 N.C. 30, 108 S.E. 301; *Mills v. Hansel*, 168 N.C. 651, 85 S.E. 17; *Finch v. Slater*, 152 N.C. 155, 67 S.E. 264; *Penniman v. Daniel*, 90 N.C. 154; *Price v. Cox*, 83 N.C. 261.

When the action was instituted, the affidavit on which the warrant of attachment issued stated that defendant was a resident of the State of North Carolina but claiming to be a resident of Florida. If that were so, defendant was amenable to service of process in this State even though he might then be engaged in litigation here. When it appeared, and the court found, that the defendant had in fact given up his residence in North Carolina and adopted Florida as his domicile, it had the authority to permit process to be then served by publication. No injustice is done the defendant. He was informed in April 1955 by copy of the complaint of the nature and extent of plaintiff's claims against him. He did not press his motion to have the matter determined within the thirty-day period so that plaintiff could have caused publication to be made within what he now asserts is the period limited by statute.

Defendant's second assertion is that the original affidavit on which the warrant was issued is fatally defective in that the affiant failed to set forth the facts on which she formed her belief that the defendant had removed or was about to remove some of his properties from the State. The answer is found in the statute, G.S. 1-440.11(c), which expressly authorizes the court in its discretion to "allow any such affidavit to be amended even though the original affidavit is wholly insufficient."

The judgment appealed from is
Affirmed.